583 So.2d 197 (1991)
Willis E. CALCOTE
v.
Bobbie Bert CALCOTE.
No. 07-CA-59452.
Supreme Court of Mississippi.
July 3, 1991.
K. Maxwell Graves, Jr., Meadville, for appellant.
John H. Ott, McComb, for appellee.
*198 Before DAN M. LEE, P.J., and ROBERTSON and McRAE, JJ.
McRAE, Justice, for the Court:
This is an appeal from the Chancery Court of Franklin County, involving a land transaction in which it was alleged that the twenty (20) acres of land conveyed to the appellee was held in a constructive trust, that she continued to hold the constructive trust and that she should be required to reconvey the land to the appellant. The chancellor dismissed the complaint, and we affirm.
Willis E. Calcote filed a complaint on September 9, 1987, in the Chancery Court of Franklin County, Mississippi, to confirm title to twenty acres of land described as follows, to-wit:
The West half of the southwest quarter of the northwest quarter (W 1/2 of SW 1/4 of NW 1/4) of Section Twenty-four (24), Township Six (6) North, Range Five (5) East, Franklin County, Mississippi, containing twenty (20) acres, more or less.
This case involves two brothers, Frank and Willis Calcote, and Frank's ex-wife Bobbie Calcote. The record in the instant case shows that: (1) on November 12, 1974, Frank A. Calcote, et al., conveyed the above described twenty acres in fee simple to Willis Calcote; (2) in 1978 Willis and Frank verbally agreed that, because Willis was involved in a marital property dispute, Willis would convey said twenty acres to Frank in a constructive trust; (3) on September 13, 1978, Willis conveyed said lands to Frank; (4) Frank and Willis executed two agreements dated October 3, 1978; (5) Frank conveyed the 20 acres to Bobbie on March 25, 1983; (6) Frank and Bobbie filed the September 13, 1978, Willis/Frank conveyance on April 6, 1983; (7) Frank and Bobbie filed the March 25, 1983, Frank/Bobbie conveyance on April 6, 1983; (8) on March 29, 1983, Frank executed a waiver and disclaimer of right of homestead in favor of Bobbie; and (9) Bobbie Bert Calcote and Frank A. Calcote were divorced January 8, 1987.
The trial testimony demonstrated that Willis and his wife were having marital problems in 1978 and the Willis/Frank conveyance was an attempt to circumvent a possible property dispute and keep the land in the Calcote family. Evidence also established that Frank loaned Willis an undetermined amount of money, and two agreements executed by Frank and Willis on October 3, 1978, provided for satisfaction of the debt in exchange for the land.
Bobbie Bert Calcote testified that Frank deeded her the property as a birthday present on March 25, 1983, and it was recorded April 6, 1983, along with the September 13, 1978, deed. She denied any knowledge of a trust and stated that she had no knowledge of Willis paying Frank the money that he borrowed.
The chancellor found as follows:
Plaintiff established a constructive trust and met the burden of proof of same by clear and convincing evidence based upon the testimony of the plaintiff and Frank Calcote at the time of the original execution and delivery of the deed, but the Court finds that the trust terminated by agreement of Willis Calcote and Frank Calcote by the execution of the written agreements between the parties whereby the plaintiff failed through [sic] by clear and convincing evidence to establish a continuation of the constructive trust. They executed a written agreement providing for the satisfaction of the debt in exchange for the land and at this point should be bound by the terms thereof. This is true despite their efforts to discredit their agreement by testimony that the agreements were devised in part to deceive the wife of Willis in her divorce action. The Court is of the opinion that the other part of the reason that Exhibits 5 and 6 were executed was to evidence their agreement to exchange the property for the debt, and in so doing, terminate the trust agreement.
When the brothers, Willis E. Calcote and Frank Calcote, executed documents, which were admitted into evidence as Exhibits 5 and 6, those documents evidenced their agreement to exchange the property for the debt, and in so doing, the constructive trust was terminated. *199 The defendant, Bobbie Calcote, did not encourage, coerce, or in any manner influence Frank Calcote to convey the subject property to her.
The plaintiff is not entitled to any relief and the complaint therefor should be dismissed at the cost of the plaintiff.

I.
Appellant, in the case sub judice, argued that the lower court correctly found a constructive trust existed between Willis and Frank; but that the court erred in its determination that the trust terminated by the October 3, 1978, agreements. Because appellee conceded that a constructive trust existed prior to the 1978 agreements, we will only address the termination of the trust.
American Jurisprudence defines constructive trust as follows:
A constructive trust ... is a trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.
76 Am.Jur.2d Trusts § 221 (1975).
Appellee contended and the chancellor found that she neither fraudulently nor coercively urged Frank to convey her the property in 1983. Additionally, appellee points out that the lapse of time between the 1978 and 1983 conveyance does not evidence any fraudulent intent, but that the evidence shows the 1983 conveyance was a gift.
In Allgood v. Allgood, 473 So.2d 416 (Miss. 1985), Hershel Allgood, son of Aletha Allgood, asked his mother and she agreed to purchase for him thirteen acres of land. Allgood, 473 So.2d at 418. Thereafter she negotiated the loan and ultimately purchased the land in her name. Id. at 419. The chancellor, finding that subsequent to the purchase, Hershel had paid all loan installments and all the taxes, Id., and that Aletha had held the land in trust for Hershel, declared Hershel the true owner. Id. at 420. This Court affirmed and explained as follows:
A constructive trust is a means recognized in our law whereunder one who unfairly holds a property interest may be compelled to convey that interest to another to whom it justly belongs. It prevents unjust enrichments.
Such a trust arises by implication from the relationship and conduct of the parties and may be established by parol testimony notwithstanding the statute of frauds. Substantial overreaching or fraud must be shown.
Proof of facts necessary to establish a trust by implication of law, i.e., a constructive or resulting trust, must be clear and convincing.
In this context, we must remind Aletha what we trust is clear and accepted that we sit as an appellate court, not as triers of the facts ab initio. ...
The trial judge patiently listened to the witnesses and has resolved all material fact questions in a manner well within his authority. He comprehended and applied the clear and convincing evidence burden of proof standard. He found in essence that Aletha was holding property that Hershel had paid for.
Id. at 421 (citations omitted).
Based upon Willis' and Frank's testimony, the chancellor found that Willis established a constructive trust and met the burden of proof of same by clear and convincing evidence. On the other hand, the chancellor also found that Willis failed to show, by clear and convincing evidence, a continuation of the constructive trust evidenced by the October 3, 1978, agreements. The chancellor's judgment is supported by this Court's decision in Allgood and because this Court does not sit as a trier of fact, we affirm.

II.
Since Willis asked for equitable relief, we must be cognizant of the clean *200 hands doctrine. Willis and Frank intended to defraud the Florida courts if and when a property settlement became a reality. This is evidenced through Willis' admission that he conveyed the land to Frank so that his wife could not get it in case there was a divorce.
Willis was under the mistaken belief that since the divorce never materialized he was guilty of no wrongdoing. This argument is contrary to the clean hands doctrine: "He who comes into equity must come with clean hands." Griffith explains this maxim as follows:
It is the meaning and purpose of this maxim to declare that no person as a complaining party can have the aid of a court of equity when his conduct with respect to the transaction in question has been characterized by wilful inequity, or illegality.... It may be described as such wilful misconduct, inequity or fraud with respect to the immediate transaction as would be condemned and pronounced wrongful by honest and fair-minded men.
V.A. Griffith, Mississippi Chancery Practice § 42 (1950).
In Cain v. Thomas, 373 So.2d 812 (Miss. 1979), complainant requested the court to establish a constructive trust in her favor reqarding one-half interest in 640 acres of land, which she had previously conveyed to her mother. Cain, 373 So.2d at 813. At trial complainant admitted that she and her deceased husband had conveyed the land for fraudulent purposes. Id. at 813-14. This Court affirmed the chancellor's dismissal of the complaint and stated as follows:
The chancellor properly dismissed the bill of complaint at the conclusion of complainant's testimony because complainant had participated in placing title to the land in her parents by fraudulent transfers against public policy, thus creating the situation for which she sought the aid of a court of equity. She did not come into court with clean hands.
Having concluded that complainant was not entitled to any relief under the clean hands doctrine, it is not necessary to consider whether a constructive trust existed... .
Id. at 814.
In the case sub judice, Willis admitted to wilful misconduct. He did not come into court with clean hands and pursuant to Cain, will not be afforded an equitable remedy.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.