## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01590-SCT

*WAYNE WRIGHT*

*v.*

*MARY WRIGHT*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/29/97 |
| TRIAL JUDGE: | HON. WILLIAM L. GRIFFIN, JR. |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LELAND H. JONES, III |
| ATTORNEY FOR APPELLEE: | WILLARD L. McILWAIN, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 12/03/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/28/98 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. The parties in this case were divorced on November 20, 1989, by a final judgment of divorce of the Chancery Court of Sunflower County, Mississippi. In the judgment of divorce, the Appellant, Wayne Wright (hereinafter "Wayne"), was ordered to pay alimony in the amount of $750 per month for thirty-six (36) months and $500 per month thereafter to the Appellee, Mary Wright (hereinafter "Mary"). Further, Wayne was ordered to provide and maintain for Mary, health insurance with medical coverage only.

¶2. At a temporary hearing in the Chancery Court of Sunflower County in January 1997, Wayne was ordered to pay Mary the sum of $500 per month for alimony commencing February 1, 1997. Wayne made the February payment, but made no further alimony payments. Wayne alleged that his failure to make the payments was due to his loss of employment.

¶3. The parties appeared before the Chancery Court again in July 1997, upon Wayne's motion for modification of the alimony payment and upon Mary's motion for contempt. Evidence was heard regarding the $3,150 in past due alimony owed by Wayne to Mary. Additionally, the court considered whether this alimony arrearage should be offset by amounts paid to Mary for securing health insurance, and whether

Wayne should have to pay Mary's legal fees.

¶4. In a final order, entered October 2, 1997, the court found that Wayne was justified in refusing to remain employed. Further the court found that the loss of employment justified a reduction in alimony payments. However, the chancellor ordered Wayne to pay all past due alimony amounts by October 1, 1997. Finally, the court ordered Wayne to pay Mary $750 for partial reimbursement of attorney's fees. Taking exception to the chancellor's ruling, Wayne asserts the following points of error on appeal:

**I. THE CHANCELLOR'S REFUSAL TO TERMINATE WAYNE'S ALIMONY OBLIGATION WAS IN ERROR AS WAYNE NO LONGER HAD THE MEANS TO FULFILL IT.**

**II. THE CHANCELLOR ERRED IN REFUSING TO REDUCE THE ALIMONY ARREARAGE BY THE AMOUNT PAID FOR THE PROCUREMENT OF HEALTH INSURANCE.**

**III. THE CHANCELLOR'S AWARD OF ATTORNEY'S FEES TO MARY WAS IN ERROR AS SHE PROVIDED NO SPECIFIC EVIDENCE REGARDING HER INABILITY TO PAY.**

¶5. There is nothing in the record to indicate error on the part of chancellor below. Conversely, the findings of the court below were well-reasoned and based on substantial evidence. As a result, this Court holds that these claims are without merit and the chancellor's decision should be affirmed.

## STATEMENT OF FACTS

¶6. After thirty-five (35) years of marriage, Wayne Wright was granted a divorce from Mary Wright in November of 1989, on the ground of habitual drunkenness. In addition to alimony, Wayne was ordered to provide Mary with health insurance. When Wayne experienced difficulty in obtaining such insurance, he and Mary entered into an agreement that Wayne would pay an additional $150 per month as alimony and would be relieved of his obligation to maintain health insurance coverage.

¶7. In July of 1997, Wayne petitioned the court for modification of the alimony payment due to changes in his employment. At the time of his petition, Wayne owed $3,150 in past due alimony which had been accruing since February of 1997. Wayne complained that he was no longer able to maintain the alimony payments due to a change in income.

¶8. Wayne earned approximately $62,000 per year through 1996. However, due to changes in his company, he was forced to quit his job after he refused to accept a demotion to a $35,000 per year position with the same company. From January of 1997 until June 1997, Wayne received six (6) monthly gross installment severance payments of $2500, with a net payment of $1,831.12. Beginning in September of 1997, Wayne began receiving $965 per month in Social Security benefits. Wayne also had an IRA account of approximately $40,000.

¶9. Wayne asked the court to relieve the $3150 alimony arrearage he owed in light of the additional $150 per month he had been paying as a substitute for Mary's health insurance. Wayne also argued that he should not have to pay Mary's legal fees.

¶10. The court below ordered Wayne to pay the $3150 in alimony which he had failed to pay. The court reduced Wayne's alimony obligation from $500 to $300 per month and ordered him to pay one half of Mary's legal fees in the amount of $750, from which Wayne appeals.

## DISCUSSION OF THE ISSUES

**Standard of Review**

¶11. In *Smith*, we restated this Court's well-settled standard for reviewing the findings of a chancellor as follows:

> This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.

*Smith v. Jones*, 654 So. 2d 480, 485 (Miss. 1995) (citations omitted). *See also **Ferguson v. Ferguson***, 639 So. 2d 921 (Miss. 1994); ***Faries v. Faries***, 607 So. 2d 1204, 1208 (Miss. 1992).

¶12. In other words, "[o]n appeal [we are] required to respect the findings of fact made by a chancellor supported by credible evidence and not manifestly wrong." ***Newsom v. Newsom***, 557 So. 2d 511, 514 (Miss. 1990). This rule is particularly applicable in cases involving divorce, alimony and child support. ***Tilley v. Tilley***, 610 So. 2d 348, 351 (Miss. 1992); ***Nichols v. Tedder***, 547 So. 2d 766, 781 (Miss. 1989).

> **I. THE CHANCELLOR'S REFUSAL TO TERMINATE WAYNE'S ALIMONY OBLIGATION WAS IN ERROR AS WAYNE NO LONGER HAD THE MEANS TO FULFILL IT.**
>
> **II. THE CHANCELLOR ERRED IN REFUSING TO REDUCE THE ALIMONY ARREARAGE BY THE AMOUNT PAID FOR THE PROCUREMENT OF HEALTH INSURANCE.**
>
> **III. THE CHANCELLOR'S AWARD OF ATTORNEY'S FEES TO MARY WAS IN ERROR AS SHE PROVIDED NO SPECIFIC EVIDENCE REGARDING HER INABILITY TO PAY.**

¶13. On appeal, Wayne assigns the above-listed errors to the decision of the chancellor below. In the case of *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993), we outlined the factors to be considered in an award of alimony which are as follows:

> 1. The income and expenses of the parties;
>
> 2. The health and earning capacity of the parties;
>
> 3. The needs of each party;
>
> 4. The obligations and assets of each party;
>
> 5. The length of the marriage;

6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;

7. The age of the parties;

8. The standard of living of the parties, both during the marriage and at the time of the support determination;

9. The tax consequences of the spousal support order;

10. Fault or misconduct;

11. Wasteful dissipation of assets by either party; or

12. Any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.

¶14. A thorough review of the record shows that the learned chancellor's decision was not erroneous as it was based on substantial evidence. The chancellor considered all of the *Armstrong* factors and made a reasonable determination based on the facts of the case. Therefore, Wayne's assignments of error are without merit and accordingly denied.

## CONCLUSION

¶15. The record indicates that the chancellor below rendered a decision which was based on substantial evidence and was not erroneous. As a result, it is the holding of this Court that the chancellor's decision is affirmed.

¶16. **JUDGMENT IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**