766 So.2d 86 (2000)
William D. AUSTIN, Appellant,
v.
Betty H. AUSTIN, Appellee.
No. 1999-CA-01070-COA.
Court of Appeals of Mississippi.
August 15, 2000.
*87 Willard L. McIlwain, Jr., Greenville, Attorney for Appellant.
William R. Striebeck, Greenville, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. William D. Austin appeals a decree ordering that he increase his periodic alimony obligation, pay lump sum alimony of $10,000 and that he pay half of the attorney fees incurred by his former wife, Betty H. Austin. This decree was the result of alimony modification proceedings which William initiated. William raises the following assignments of error on appeal
I. WHETHER THE LOWER COURT ERRED BY AWARDING LUMP SUM ALIMONY.
II. WHETHER THE LOWER COURT ERRED IN AWARDING ATTORNEY FEES TO BETTY H. AUSTIN.
III. WHETHER THE LOWER COURT ERRED IN FINDING THAT THERE HAD BEEN A MATERIAL CHANGE IN CIRCUMSTANCES TO WARRANT A MODIFICATION OF PERIODIC ALIMONY.
¶ 2. Finding error in the first assignment and no error in the second and third assignments, we affirm in part and reverse and remand in part.

FACTS
¶ 3. William and Betty Austin were divorced in 1975. On June 15, 1998, William filed a motion to modify the final decree of divorce, seeking to have his alimony obligations lowered or discontinued as a result of his retirement from employment as a doctor. Betty counterclaimed for an increase in alimony due to the significant increase in William's personal estate value since the divorce. She also requested an award of attorney fees and expenses.
¶ 4. Finding that material circumstances had changed as well as a substantial disparity *88 between the party's standard of living, the trial court ordered the alimony benefits to be increased from $500 per month to $1,000 per month and ordered William to pay half of the attorney fees and expenses that Betty had incurred. The trial court further ordered a lump sum payment of alimony in the amount of $10,000 so that Betty could pay off a debt owed on her car.
¶ 5. William argues that the trial court erred in awarding partial attorney fees to Betty when the evidence showed that she had in excess of $30,000 in the bank from which she could pay her attorney. He further argues that the trial court erred in increasing his alimony obligations in light of the fact that he has retired from employment and has no earned income. Finally, he argues that the trial court improperly attempted to rewrite the divorce decree, which was entered some twenty-four years ago, by awarding lump sum alimony.
¶ 6. In response, Betty argues that the trial court acted within its discretion in awarding attorney fees and was correct in increasing the alimony obligations of William because the evidence showed that a material change in circumstances had occurred. In addition she argues that the trial court was correct in awarding her the $10,000 even though it was for the wrong reason. She asserts that since the right result was reached, even though for the wrong reason, the trial court's judgment should be affirmed.

STANDARD OF REVIEW
¶ 7. In cases involving an alimony dispute, this Court will not overrule a lower court's decision "unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). See also Ferguson v. Ferguson, 639 So.2d 921, 921 (Miss.1994); Crowe v. Crowe, 641 So.2d 1100, 1102 (Miss.1994); Tilley v. Tilley, 610 So.2d 348, 351 (Miss. 1992); Faries v. Faries, 607 So.2d 1204, 1208 (Miss.1992); Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989). Great deference is given to the chancellor because he is in a better position to determine what action would be fair and equitable in the situation than the appeals court. Tilley, 610 So.2d at 351. See also Holleman v. Holleman, 527 So.2d 90, 94 (Miss.1988); Wood v. Wood, 495 So.2d 503 (Miss.1986).
¶ 8. Furthermore, the Mississippi Supreme Court has firmly established that:
As with alimony, the determination of attorney's fees is largely in the discretion of the chancellor. Smith v. Smith, 614 So.2d 394, 398 (Miss.1993). This Court is "reluctant to disturb a chancellor's discretionary determination whether or not to award attorney's fees and of the amount of [any] award." Ferguson v. Ferguson, 639 So.2d 921, 937 (Miss. 1994) (quoting Geiger v. Geiger, 530 So.2d 185, 187 (Miss.1988)).
Anderson v. Anderson, 692 So.2d 65, 73 (Miss.1997).

ANALYSIS

I. WHETHER THE LOWER COURT ERRED BY AWARDING LUMP SUM ALIMONY.
¶ 9. William argues that the $10,000 lump sum alimony reward was an attempt to rewrite the divorce decree entered twenty-four years ago, pointing out that lump sum alimony is only available at the time of the divorce and cannot be modified on a later date. Betty argues that the lump sum alimony was correctly granted, although for the wrong reason. She asserts that while the award was mistakenly labeled a "lump sum" award, the award produced the equitable result, equaling the amount of the increased periodic alimony from the date of the counter-claim to the date of the trial.
¶ 10. Lump sum alimony is not a form of "continuing support, but rather a property transfer which is vested in the recipient spouse at the time said alimony is *89 awarded." McDonald v. McDonald, 683 So.2d 929, 931 (Miss.1996), (citing Jenkins v. Jenkins, 278 So.2d 446 (Miss.1973)). Furthermore, lump sum alimony "is a final settlement between the husband and wife and may not be changed or modified by either party, absent fraud." McDonald, 683 So.2d at 931 (citing Wray v. Wray, 394 So.2d 1341 (Miss.1981)). See also Bowe v. Bowe, 557 So.2d 793, 794 (Miss.1990); Butler v. Hinson, 386 So.2d 716 (Miss.1980). "The fact that payments of lump sum alimony are often paid in installments may give said payments a superficial similarity to payments of periodic alimony, but said fact does not change the vested, nonmodifiable nature thereof." McDonald, 683 So.2d at 931.
¶ 11. It has been clearly established that lump sum alimony is a final settlement at the time of the divorce which is not subject to modification. In the case sub judice, although Betty asks this Court to reconsider and restate the award, the chancellor erroneously awarded lump sum alimony. We reverse and render on this issue.

II. WHETHER THE LOWER COURT ERRED IN AWARDING ATTORNEY FEES TO BETTY H. AUSTIN.
¶ 12. William argues that the order to pay half of the attorney fees incurred by Betty (totaling $1,787.94) was an abuse of discretion by the lower court because Betty did not show that she was unable to pay the fees. Betty argues that the award of half of the attorney fees was correctly ordered due to her limited financial means.
¶ 13. At the time of the proceedings Betty reported a monthly income of $1,631.50. This income comprised of the following resources: $429.50, which she drew from her retirement account, $702.00, from her Social Security check, and $500 periodic alimony. The $30,000 that William claims Betty has access to is made up of $14,800 in her retirement savings plan, $12,000 in her checking account and $11,000 in her savings account. The checking account balance was obtained by Betty from a cancer policy which continually reimburses her for her cancer medicines and chemotherapy treatments. The savings account balance is money Betty has set aside to finance her funeral and burial.
¶ 14. Alternatively, while William has recently retired, the evidence provided establish that his personal worth is well in excess of $1,000,000. William has ownership in several properties and business ventures and his IRA account alone has a value of $827,537.
¶ 15. It is a general rule of law that where "a party is financially able to pay her attorney, an award of attorney's fees is not appropriate." Smith, 614 So.2d at 398 (citing Martin v. Martin, 566 So.2d 704, 707 (Miss.1990)). However, if the evidence presented shows an inability to pay the fees and a disparity in the relative financial positions of the parties, no error will be found. Powers v. Powers, 568 So.2d 255, 257 (Miss.1990). See also Creekmore v. Creekmore, 651 So.2d 513 (Miss.1995); Dunn v. Dunn, 609 So.2d 1277, 1287 (Miss. 1992).
¶ 16. In addressing this issue, the chancery court correctly analyzed Betty's financial situation to be one that is unable to support the litigation process at hand. Finding no error in the lower court's judgment, we hold that this assignment of error is without merit.

III. WHETHER THE LOWER COURT ERRED IN FINDING THAT THERE HAD BEEN A MATERIAL CHANGE IN CIRCUMSTANCES TO WARRANT A MODIFICATION OF PERIODIC ALIMONY?
¶ 17. Since the divorce in 1975, William enjoyed a successful medical practice (ear, nose and throat) and established a large estate made up of financial, business and property investments. William retired in 1998. For the first several years after the divorce, Betty was a stay-at-home mom, raising the four children from *90 the marriage. After the children had grown, she worked as a nurse. In 1992, Betty was diagnosed with breast cancer. Despite surgical removal of her breast, this cancer has reoccurred, and Betty is presently undergoing monthly IV chemotherapy. Her medical condition not only forced Betty to retire, but caused her financial needs to increase. Betty presented expert testimony involving economic inflation which established that the $500 per month alimony she was awarded in 1975 has a present day value of $162. This testimony went on to show that in order to have the same monetary value as the $500 per month alimony had in 1975, the alimony would have to be raised to $1,562.50 per month.
¶ 18. In consideration of these material changes of the circumstances, the lower court increased the periodic alimony payments from $500 per month to $1,000 per month. William argues that the material change in circumstances, mainly his retirement, should have resulted in a reduction or elimination of periodic alimony obligation rather than an increase. Betty argues that the material change in circumstances rightly justified the increase of periodic alimony. This is the second attempt by William to terminate his alimony obligation. The first attempt was successful in the chancery court, only to be reversed and rendered by the supreme court. Austin v. Austin, 557 So.2d 509 (Miss.1990).
¶ 19. The Mississippi Supreme Court has established the following criteria to be considered by a chancellor in initially calculating and entering judgment for periodic alimony:
1. The income and expenses of the parties;
2. The health and earning capacities of the parties;
3. The needs of each party;
4. The obligations and assets of each party;
5. The length of the marriage;
6. The presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care;
7. The age of the parties;
8. The standard of living of the parties, both during the marriage and at the time of the support determination;
9. The tax consequences of the spousal support order;
10. Fault or misconduct;
11. Wasteful dissipation of assets by either party; or
12. Any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993); see also Hammonds v. Hammonds, 597 So.2d 653, 655 (Miss. 1992). Periodic alimony may be modified by either increasing, decreasing, or terminating the award in the event of a material change of these circumstances. Armstrong at 1280. "The change must occur as a result of after-arising circumstances of the parties not reasonably anticipated at the time of the agreement." Varner v. Varner, 666 So.2d 493, 497 (Miss.1995). Finally, periodic alimony terminates upon the death of the paying or receiving spouse or the remarriage of the receiving spouse. Armstrong, 618 So.2d at 1281.
¶ 20. In consideration of periodic alimony modification, the Mississippi Supreme Court has established that:
[t]he rule of law providing for the modification of periodic alimony awards arises from the nature of alimony itself, which is based upon the inherently changing financial ability of the husband to support his wife in the manner' to which she is accustomed. As a result, the Chancellors of this state have the authority to modify periodic alimony awards upon a finding of a substantial change in circumstances, regardless of *91 any intent expressed by the parties to the contrary. East v. East, 493 So.2d 927, 931 (footnote 2) (Miss.1986), (citing Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955)).
McDonald, 683 So.2d at 931. Furthermore, the Mississippi Supreme Court has held that a chancellor should consider a "substantial increase in earnings by one party subsequent to the decree." Spradling v. Spradling, 362 So.2d 620, 623 (Miss.1978).
¶ 21. The case at hand presents an excellent example of a material change in circumstance which supports the modification of periodic alimony. The former wife has fallen ill with cancer, attempting to maintain her financial status on an alimony award granted twenty-five years ago, while the former husband has substantially increased his earnings and overall wealth as a result of the education he received during the marriage.
¶ 22. The lower court did not abuse its discretion and was not manifestly wrong in weighing the determining factors for the modification of periodic alimony. This assignment of error is without merit.
¶ 23. THE JUDGMENT OF THE WASHINGTON COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. COSTS OF THIS APPEAL ARE ASSESSED 2/3 TO THE APPELLANT AND 1/3 TO THE APPELLEE.
McMILLIN, C.J., IRVING, LEE, AND MOORE, JJ., CONCUR. BRIDGES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. PAYNE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING AND SOUTHWICK, P.JJ. MYERS, J., NOT PARTICIPATING.
BRIDGES, J., concurring in part and dissenting in part:
¶ 24. While I agree with the majority in its opinion as to assignments of errors I and III, I disagree with its findings in Assignment II pertaining to attorney fees; therefore, I respectfully dissent as to this matter.
¶ 25. The supreme court of this state has required that this Court, in rendering our decisions, follow the precedents and mandates of that court. In the case sub judice, there was no testimony or other evidence adduced from Betty to establish her inability to pay attorney's fees. Additionally, there were no findings by the chancellor of Betty's inability to pay and that she was entitled to and should be awarded such. In fact the chancellor, in part, opined the following:
BY THE COURT: I'm going to do something that the Supreme Court doesn't usually like for the Chancery Judges to do. They don't really like for us to make Bench Rulings on cases that last this long. What they like for us to do, Mr. Striebeck and Mr. Mcllwain, they like for us to sit down and make long Findings of Fact so when they get the case on appeal, they don't have to read the whole file. And that's the reason for that. They very seldom reverse a Chancellor when they make a real good Finding of Fact.
However, the Chancellor, unlike the Supreme Court, gets a chance to sit and we get a chance to look at the litigants and observe their demeanor. I've only been on the bench a few months, but, most times, when I take a case back and I read it and I peruse over it, the same thing that entered my mind from the beginning is the same thing that I rule. It's just that I write it up in cases of appeal. But this time, I'm not going to write it up like that. Probably because I have so many old cases to rule on and then I'm getting a little behind.
¶ 26. This is a modification case, and in such cases, attorney's fees are treated the same as they are in divorce cases. Bredemeier v. Jackson, 689 So.2d 770 (Miss. *92 1997); Cumberland v. Cumberland, 564 So.2d 839, 844 (Miss.1990). The award of attorney fees in divorce cases is left to the discretion of the chancellor, assuming he or she follows the appropriate standards. Bredemeier, 689 So.2d at 778 (citing Dunn v. Dunn, 609 So.2d 1277, 1286 (Miss.1992)). Generally, unless the party requesting attorney fees can establish the inability to pay, such fees should not be awarded. Bredemeier, 689 So.2d at 778; Dunn, 609 So.2d at 1287; Jones v. Starr, 586 So.2d 788, 792 (Miss.1991); Cumberland, 564 So.2d at 844.
¶ 27. Betty has failed to show that she is unable to pay her attorney fees. Moreover, the chancellor, who knew that she was required to make appropriate findings of fact and conclusions of law as to this issue and the others, failed to do so. Findings by the chancellor, especially in cases of this nature, as the chancellor has defined it "as a long case" and "for appeal" are necessary to assist this Court and the supreme court on review. Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 239 (Miss.1987). The failure of the chancellor to make a finding that Betty was unable to pay attorney's fees, a factor necessary in making such an award requires reversal on that issue, and precludes such an award. Johnson v. Johnson, 650 So.2d 1281 (Miss.1994); Cumberland, 564 So.2d at 844; McKee v. McKee, 418 So.2d 764, 767 (Miss.1982).
¶ 28. I would reverse and remand as to attorney's fees, requiring the chancellor to make appropriate findings of fact and conclusions of law so as to determine the appropriate amount of attorney fees Betty is entitled to under McKee, ordering same pursuant to the laws of this state, and submitting such findings to this court within thirty (30) days after receiving this Court's final opinion.
PAYNE, J., concurring in part, dissenting in part:
¶ 29. I concur with the majority that the lower court erred in awarding lump sum alimony twenty-three years after the divorce. I also concur with the affirmation of the court's finding of a material change in circumstances, an alimony increase and award of attorney fees. What I do not agree with is that we do not remand this case for reconsideration of the periodic award increase in light of this reversal. Therefore, I would respectfully dissent from the majority's decision to reverse and render this portion of the case. As stated by the majority, this case presents an excellent example of a material change in circumstance supporting the modification of periodic alimony. The lower court found an increase to be necessary, but did not award the amount for which the appellee asked. Instead, it appears that the chancellor attempted to award a one-time "catch up" amount of $10,000 to offset a lower increase in the periodic alimony. Rather than render this cause, I would remand to the lower court so the chancellor may reconsider the amount of increase in periodic alimony absent the $10,000 lump-sum award.
KING AND SOUTHWICK, P.JJ., JOIN THIS SEPARATE WRITTEN OPINION.