809 So.2d 767 (2002)
Wallace TILLMAN, Appellant,
v.
Shirley TILLMAN, Appellee.
No. 2001-CA-00112-COA.
Court of Appeals of Mississippi.
March 5, 2002.
*768 Michael L. Fondren, Pascagoula, attorney for appellant.
Gary L. Roberts, Pascagoula, attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
*769 MYERS, J., for the court.
¶ 1. Shirley Tillman sued Wallace Tillman for contempt of court for failure to pay alimony. Wallace Tillman filed a counterclaim seeking to terminate or reduce his obligation to pay alimony alleging that Shirley had a companion living with her. The chancellor awarded Shirley Tillman $13,463.35 as back alimony owed to her and reduced Wallace Tillman's alimony obligation by $250 per month. Aggrieved by the chancellor's decision, Wallace Tillman appealed asserting that the alimony obligation should be terminated. Also aggrieved by the chancellor's ruling, Shirley Tillman filed a cross-appeal asserting that the alimony award should not have been reduced, and further, that the chancellor erred by failing to award attorneys fees, that attorneys fees should be awarded on appeal, and that the statutory penalty should be awarded.

STATEMENT OF FACTS
¶ 2. Shirley and Wallace Tillman were divorced in January 1997. The divorce judgment ordered Wallace Tillman to pay $950 a month in alimony to Shirley Tillman along with paying a percentage of her medical expenses. Wallace did not make any alimony payments for the entire year of 2000. Wallace's reason for nonpayment was that Danny Vance moved into Shirley's house for a five week period. Shirley contends that Vance was a family friend whom she allowed, along with his two sons, to stay at her house while Vance's home was being repaired following a hurricane. Shirley testified that Vance bought the groceries for the household during the time he stayed in her abode but did not pay rent or offer money to assist with the payment of utilities. Vance moved out of Shirley's house when his house was repaired and died shortly thereafter.
¶ 3. Shirley petitioned the chancery court to hold Wallace in contempt of court for nonpayment. Wallace counterclaimed seeking to have his alimony obligation terminated or reduced. The chancellor did not hold Wallace in contempt but ordered him to pay the past-due support totaling $13,463.35. The chancellor further reduced Wallace's alimony obligation by two hundred fifty dollars a month finding that Shirley's financial situation had improved since the original alimony assessment as she had begun working part-time and was making approximately two hundred fifty dollars a month. The chancellor also refused to award attorneys fees to Shirley Tillman finding that based on his award she was able to pay her attorney.

STANDARD OF REVIEW AND LEGAL ANALYSIS
¶ 4. The findings of the chancellor shall not be disturbed unless the chancellor was "manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Anderson v. Anderson, 692 So.2d 65, 70 (Miss.1997). The chancellor's decision must be supported by substantial evidence as established by the record of the proceedings. Limbaugh v. Limbaugh, 749 So.2d 1244, 1246(¶ 9) (Miss.Ct.App. 1999). With this standard in mind, we look to the issues raised in this appeal and cross-appeal.

ON DIRECT APPEAL
WHETHER THE TRIAL COURT ERRED BY NOT TERMINATING THE ALIMONY OBLIGATION OF WALLACE TILLMAN.
¶ 5. Wallace Tillman contends that his alimony obligation to Shirley Tillman should have been terminated by the chancellor because of her cohabitation with a third party, Danny Vance. The chancellor refused to terminate the support award *770 finding that Shirley Tillman had not received substantial support from Vance.
¶ 6. Periodic alimony can be modified by increasing, decreasing, or terminating the award due to a material change in circumstances. Austin v. Austin, 766 So.2d 86, 90(¶ 19) (Miss.Ct.App.2000). When "the recipient spouse has elected to cohabit with a third party rather than enter into marriage, the Mississippi Supreme Court has found that there exists a presumption of mutual support altering her financial needs which may warrant modification or termination of alimony." Martin v. Martin, 751 So.2d 1132, 1136(¶ 15) (Miss.Ct.App.1999). Wallace Tillman contends that Vance and his two sons' living in the same household with his former wife for a period of five weeks while Vance's house was being repaired constituted a material change in circumstances that warrants termination of the alimony obligation. The chancellor was aware of this presumption and addressed it when making his ruling. The chancellor found that based on the limited proof, the relationship between Shirley and Vance did not reach the level where they could be considered to be living together rather than getting married. The proof offered at trial was as follows: Vance and his sons stayed in Shirley's house for approximately five weeks; Vance did not share the same bedroom with Shirley during the course of that five week period; Vance and Shirley were close friends who exchanged Christmas gifts on occasion and frequently went out to dinner; Vance only paid for the groceries while he and his sons stayed at Shirley's house; and Shirley washed some of the Vances' clothes. Based on this evidence, it is clear that the chancellor did not abuse his discretion by finding that the relationship between Vance and Shirley did not rise to the level to terminate Wallace Tillman's alimony obligation. This issue is without merit.
¶ 7. A pertinent issue has arisen with the presentation of this appeal. We would admonish Mr. Tillman and others in a like position to not take the law in their own hands. Modifications to alimony awards and other orders of the court may not be arbitrarily disobeyed or superceded unilaterally. Orders of the court may only be altered or modified by another order of the court. Armstrong v. Armstrong, 618 So.2d 1278, 1281 (Miss.1993).

ON CROSS-APPEAL

1. WHETHER THE TRIAL COURT ERRED WHEN IT REDUCED THE PERIODIC ALIMONY OBLIGATION.
¶ 8. Shirley Tillman contends that her periodic alimony award should not have been reduced by two hundred fifty dollars per month by the chancellor. As stated above, periodic alimony can be modified by increasing, decreasing, or terminating the award only upon a material change in circumstances. Austin, 766 So.2d at 90(¶ 19). The material change must be one that occurred after the last decree was entered and be of such a nature that it was not reasonably anticipated at the time of the decree. Id. One of the factors utilized in initially calculating periodic alimony is the income and expenses of both parties. Wolfe v. Wolfe, 766 So.2d 123, 129(¶ 13) (Miss.Ct.App.2000). A material change in this factor should be considered in determining any modification of periodic alimony. Austin 766 So.2d at 90(¶ 19).
¶ 9. The chancellor found that Shirley, who had not been working when the initial decree was entered, had materially changed the circumstances of the periodic alimony award by beginning to work part-time. *771 It is well settled that chancellors are to consider a "substantial increase in earnings by one party subsequent to the decree." Id. at (¶ 20). While we feel that an approximately two hundred fifty dollar increase in income per month is not per se substantial, we find the fact that a previously unemployed party beginning to work is a material change that should be considered by the chancellor. We find no abuse of discretion on the part of the chancellor in reducing the periodic alimony award from $950 per month to $700 per month. This issue is without merit.

2. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO AWARD ATTORNEYS FEES TO SHIRLEY TILLMAN.
¶ 10. Shirley next contends that the chancellor erred when he failed to award her attorneys fees. "Attorneys fees are appropriate only where a party is financially unable to pay them." Monroe v. Monroe, 745 So.2d 249, 253(¶ 18) (Miss. 1999). The chancellor found that Shirley was financially able to pay the attorneys fees and refused to assess them against Wallace Tillman. Considering the broad discretion given to chancellors, we can find no error in his refusal to award attorneys fees to Shirley Tillman. This issue is without merit.

3. WHETHER THIS COURT SHOULD AWARD SHIRLEY TILLMAN REASONABLE ATTORNEYS FEES INCURRED IN THE APPEAL PROCESS.
¶ 11. Shirley Tillman contends that this court should award her reasonable attorneys fees incurred in the defense of this appeal. This Court traditionally awards attorneys fees on appeal "in the amount of one-half of what was awarded in the lower court." Grant v. Grant, 765 So.2d 1263, 1268(¶ 19) (Miss.2000). As stated above the chancellor did not award Shirley Tillman any attorneys fees. We found no error with the chancellor's judgment. Further, Shirley Tillman has not presented any evidence of the fees charged by her attorneys in defense of this appeal. We must, therefore, find that Shirley Tillman is not entitled to any attorneys fees on appeal.

4. WHETHER SHIRLEY TILLMAN IS ENTITLED TO STATUTORY DAMAGES.
¶ 12. Shirley Tillman's final contention is that Wallace Tillman should be charged with statutory damages upon the affirmance of the chancellor's judgment. Section 11-3-23 of the Mississippi Code provides that where the judgment of the lower court is affirmed, the appellate court shall assess damages against the appellant at a rate of fifteen percent of the sum of money awarded by the lower court. Miss. Code Ann. § 11-3-23 (Rev.1991). We are affirming the lower court's decision; therefore, we impose the statutory penalty. Fifteen percent of the $13,463.35 money judgment or $2,019.50 is hereby assessed against Wallace Tillman.

CONCLUSION
¶ 13. The chancellor's decision to not terminate the alimony obligations of Wallace Tillman is affirmed. Further, the chancellor's decision to reduce the amount of the alimony award is affirmed as we find there was a material change in circumstances to warrant the reduction. The chancellor did not err in failing to award attorneys fees to Shirley Tillman. Statutory damages in the amount of fifteen percent of the money judgment are hereby imposed against Wallace Tillman.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON *772 COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.