MYERS, P.J.,
for the Court.
¶ 1. Imogene Mix Clower appeals the judgment of the Chancery Court of Hinds County in which Joseph Lewis Clower was granted a modification of his alimony obligation. Initially, Mr. Clower was not held to be in contempt, and Ms. Clower’s request for attorneys’ fees was denied. However, upon reconsideration, the chancellor partially awarded some attorneys’ fees that she had requested. Aggrieved, Ms. Clower also appeals the amount that she was awarded in attorneys’ fees. Finding no manifest error in the judgment of the chancellor, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1988, the Clowers obtained an irreconcilable differences divorce from the Chancery Court of Hinds County. The parties reached a property settlement agreement, part of which entitled Ms. Clower to periodic alimony payments. In April 2006, the parties returned to the chancery court when Mr. Clower petitioned for a modification, seeking to terminate or reduce his alimony obligations. *443 Ms. Clower counterclaimed, seeking to have Mr. Clower held in contempt.
¶ 3. Ultimately, Mr. Clower was granted a modification of his alimony obligations, which was made retroactive to the date he filed his motion. The modification lowered Mr. Clower’s alimony obligations and abrogated his obligation to provide health insurance, but it continued Mr. Clower’s obligation to maintain a life insurance policy with Ms. Clower as the beneficiary. Ms. Clower’s counterclaim was denied, and Mr. Clower was not held in contempt. Ms. Clower sought reconsideration, as well as a ruling holding Mr. Clower in contempt. The motion for reconsideration was granted.
¶ 4. On reconsideration, the chancellor affirmed the prior ruling allowing the downward modification of the alimony obligations. However, the chancellor found Mr. Clower in contempt for his failure to timely make an alimony payment and ordered him to pay Ms. Clower’s attorneys’ fees. Ruling from the bench, the chancellor found that Mr. Clower discontinued alimony payments in April 2006, the month in which he filed for modification, and delayed payment of that month’s obligation until May 29, 2006. Based on this late payment, Mr. Clower was ordered to pay Ms. Clower’s attorneys’ fees in the amount of $750.
¶ 5. Ms. Clower appeals the chancellor’s judgment allowing Mr. Clower a downward alimony modification, presenting the following arguments: (1) Ms. Clower argues that modification was error because Mr. Clower maintained the ability to continue his originally ordered alimony payments; (2) Ms. Clower urges this Court to find that Mr. Clower was barred from receiving a modification under the doctrine of unclean hands; (3) Ms. Clower argues that modification was not appropriate because there did not exist a substantial change in circumstances that was not anticipated at the time of the original decree; (4) Ms. Clower argues that the chancellor erred in considering Mr. Clower’s obligations to his current wife and his subsequently incurred financial obligations when determining whether to reduce his alimony obligation; (5) Ms. Clower also argues that due to his financial decisions, Mr. Clower was not entitled to modification under Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993); and (6) Ms. Clower takes issue with the amount of the award for attorneys’ fees that she received on reconsideration. Since each of the first five issues essentially pertain to the propriety of the chancellor’s downward modification of the alimony obligation, we will discuss them together.
I. WHETHER THE ALIMONY AWARD MODIFICATION WAS ERROR.
¶ 6. Ms. Clower argues that the chancellor erred in finding that Mr. Clower was entitled to a modification of his alimony obligations because he failed to prove that: (1) a substantial change in circumstances occurred, and (2) he did not have the ability to comply with the order. Ms. Clower further contends that Mr. Clower came into court with unclean hands seeking such a modification. Ms. Clower argues that the chancery court failed to recognize that Mr. Clower created his own inability to comply with the original alimony order. We review decisions regarding alimony awards only for manifest error in the chancellor’s findings of fact or abuse of discretion. Holcombe v. Holcombe, 813 So.2d 700, 703(¶ 10) (Miss.2002). “Therefore, we will ‘not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or a clearly erroneous standard was applied.’ ” Yel- *444 verton v. Yelverton, 961 So.2d 19, 24(¶ 6) (Miss.2007) (citation omitted).
¶ 7. Periodic alimony can be modified by increasing, decreasing, or terminating the award due to a material change in circumstances. Holcombe, 813 So.2d at 703(¶ 11). The material change must be one that was not reasonably anticipated at the time of the original decree. Id. One of the factors utilized in initially calculating periodic alimony is the income and expenses of both parties. Wolfe v. Wolfe, 766 So.2d 128, 129(¶ 13) (Miss.Ct.App.2000) (quoting Hammonds v. Hammonds, 597 So.2d 653, 655 (Miss.1992)). A material change in this factor should be considered in determining any modification of periodic alimony. Austin v. Austin, 766 So.2d 86, 90(¶ 19) (Miss.Ct.App.2000) (citing Armstrong, 618 So.2d at 1280).
¶ 8. In granting modification, the chancellor found that Mr. Clower’s income had materially changed since the original decree handed down in 1988. At the time of the parties’ divorce, Mr. Clower was earning over $100,000 a year and maintained a thriving golf supply business. Mr. Clower’s business failed, and he began to suffer medical problems. Mr. Clower sold his business, receiving installment payments totaling $15,600 for his interest, and retired. At the time of the hearing for modification, Mr. Clower was seventy-three years of age. When Mr. Clower petitioned the chancery court for modification, the chancellor found that Mr. Clower did not have the ability to pay his original alimony obligations because he had received no income other than social security benefits since May 2006. The chancellor also noted that Mr. Clower put Ms. Clower on notice of this situation prior to the end of the payments he received from the sale of his business. On reconsideration, the chancellor did not change her previous award of downward modification, again finding that a material change in circumstances warranted the modification and reduction of the alimony obligation.
¶ 9. Ms. Clower argues that Mr. Clower’s worsened financial position was a product of his own doing; thus, he should not be entitled to a modification under Armstrong, 618 So.2d at 1280. The supreme court has established certain factors known as the Armstrong factors to be taken into consideration in determining whether to modify an obligation for periodic alimony. Anderson v. Anderson, 692 So.2d 65, 70 (Miss.1997). “The law is well-settled that, if an obligor, acting in bad faith, voluntarily worsens his financial position so that he cannot meet his obligations, he cannot obtain a modification of support.” Parker v. Parker, 645 So.2d 1327, 1331 (Miss.1994) (citations omitted). The chancellor did not find that Mr. Clower had created his own financial downturn in bad faith. At the hearings on the matter, the chancellor heard testimony and evaluated the financial position of Mr. Clower. The court considered that since the original decree, Mr. Clower had retired. Further, the chancellor recognized that at the time of the original decree, Mr. Clower was earning a substantial income; however, due to some poor business decisions, Mr. Clower’s businesses failed, and he no longer enjoyed the same level of income. Moreover, the chancellor found that Mr. Clower’s earning potential had declined due to his suffering from certain medical conditions and illnesses. The chancery court did not find that Mr. Clower’s loss of income was voluntary so as to constitute bad faith, but the Court determined that Mr. Clower’s retirement and loss of income constituted a material change in circumstances, thereby justifying a downward modification. While the chancellor noted Mr. Clower’s necessary expenditures related to his and his current wife’s living expenses in her discussion, the decision to grant a downward modification *445 was not based upon Mr. Clower’s new debt or current family. It is clear that the modification was properly based upon an unforeseeable change in circumstances since entry of the original decree. We find that the chancellor’s ruling is supported by substantial evidence in the record. There is no error in the chancellor’s analysis in determining that a material change in circumstances existed so as to warrant a downward modification of Mr. Clower’s alimony obligations.
¶ 10. Ms. Clower argues that Mr. Clower should have been barred from seeking a modification of his alimony obligation under the unclean hands doctrine as he was in arrears when he sought relief. We disagree. The unclean hands doctrine, as applied, prevents the modification of a support order when the person seeking the modification is guilty of willful contempt of the order mandating the support. Bailey v. Bailey, 724 So.2d 335, 337(¶ 6) (Miss.1998) (citing Calcote v. Calcote, 583 So.2d 197, 199-200 (Miss.1991)). “[A] husband may not petition for modification of the original decree without showing either that he has performed it or that his performance has been wholly impossible.... However, a husband may exonerate himself from failure to make alimony or child support payments as ordered, because of his inability to pay, but his evidence must be made with particularity and not in general terms.” Id. (quoting Hooker v. Hooker, 205 So.2d 276, 278 (Miss.1967)).
¶ 11. “A chancellor has substantial discretion in deciding whether a party is in contempt.” R.K. v. J.K., 946 So.2d 764, 777(¶ 39) (Miss.2007). Mr. Clower submitted to the chancery court that while he was obligated to pay monthly alimony in the amount of $2,000, he was only receiving $1,384.20 per month in social security benefits. “When a party is unable to pay court ordered support, the proper action for him to take is to promptly file for a modification of support.” Grissom v. Grissom, 952 So.2d 1023, 1030(¶ 19) (Miss.Ct.App.2007) (quoting Shelton v. Shelton, 653 So.2d 283, 286-87 (Miss.1995)). “When this course of action is followed, a finding of contempt is not proper.” Id. (quoting Shelton, 653 So.2d at 286-87). “Contempt is an issue of fact to be decided on a case-by-case basis.” R.K. 946 So.2d at 777(¶ 39).
¶ 12. Mr. Clower filed his motion for modification on April 6, 2006. Prior to April 2006, Mr. Clower had complied with his support obligations. However, the record reflects that after Mr. Clower filed his motion for modification, he did not pay his April 2006 obligation until May 29, 2006. Initially, the chancery court did not find Mr. Clower in contempt of court for his failure to timely pay his April 2006 obligation. By the time the parties reappeared for the hearing on the motion for reconsideration, the arrearage Mr. Clower owed in spousal support had already been remedied. Mr. Clower paid his April 2006 alimony obligation at the end of May 2006. The hearing on reconsideration did not take place until July 2007; thus, by this time, there was no basis for the chancellor to hold Mr. Clower in contempt. But, in order to have equity, the chancellor realized that Mr. Clower had, in fact, been in contempt during his previous ruling and awarded Ms. Clower attorneys’ fees accordingly. While we consider this factual scenario and accompanying remedy rather unconventional, we must defer to the chancellor’s decision because we can find no manifest error. Therefore, we affirm the downward modification of Mr. Clower’s alimony obligation.
II. WHETHER THE CHANCELLOR ERRED IN AWARDING MS. CLOWER $750 IN ATTORNEYS’ FEES.
¶ 13. On reconsideration, Ms. Clower was awarded $750 in attorneys’ *446 fees after the chancellor found Mr. Clower in contempt for his failure to pay his April 2006 spousal support obligation. Ms. Clower appeals the amount of attorneys’ fees she was awarded on reconsideration, arguing that she was entitled to a greater sum than she was awarded because she submitted proof that she incurred $5,722.75 in attorneys’ fees and $950 in accounting fees during the litigation of this matter.
¶ 14. A chancellor’s decision regarding attorneys’ fees is given great discretion and will only be disturbed if it is found to be an abuse of discretion or in manifest error. Creekmore v. Creekmore, 651 So.2d 518, 520 (Miss.1995). A party requesting an award of attorneys’ fees in a domestic case must show an inability to pay. Dunn v. Dunn, 609 So.2d 1277, 1287 (Miss.1992). However, even if such a showing is made, the chancellor may not award the entire amount sought. Id. Partial awards of attorneys’ fees are within the discretion of the chancellor. See Wright v. Wright, 723 So.2d 1168, 1169 (¶¶ 4, 15) (Miss.1998) (supreme court affirmed the chancery court’s award to ex-wife for reimbursement of half of her attorneys’ fees). As the nature of the entire proceeding for modification centered upon Mr. Clower’s and Ms. Clower’s financial situations, we are certain that the chancellor made the requisite findings regarding each party’s ability to pay the attorneys’ fees. Accordingly, we cannot say that the chancellor abused her discretion in awarding Ms. Clower $750 in partial attorneys’ fees.
CONCLUSION
¶ 15. Finding no error in the chancellor’s decision to downwardly modify Mr. Clower’s alimony obligation, and finding no error in the amount of attorneys’ fees awarded to Ms. Clower, we affirm.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.