838 So.2d 306 (2002)
Martha M. BEST a/k/a Martha M. Hinton Best, Appellant,
v.
Howard Clayton HINTON, Appellee.
No. 2001-CA-00521-COA.
Court of Appeals of Mississippi.
September 3, 2002.
Rehearing Denied November 5, 2002.
Certiorari Denied February 20, 2003.
*307 Robert R. Marshall, Hattiesburg, attorney for appellant.
Anthony Alan Mozingo, Hattiesburg, attorney for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
McMILLIN, C.J., for the court.
¶ 1. This case comes as an appeal from the judgment of the Chancery Court of Lamar County modifying a previous child custody judgment of that court to change custody of twelve-year old Nathan from his mother, Martha Hinton Best, to his father, Howard Clayton Hinton. The appeal is brought by Mrs. Best. In the appeal, Mrs. Best alleges that the chancellor's findings of fact were manifestly wrong and clearly erroneous. She additionally urges this Court to find that the chancellor applied an erroneous legal standard to modify custody. Finding that the issues raised have merit, we reverse and render the modification of custody.

I.

Facts
¶ 2. Mr. Hinton filed his petition to modify custody of his minor son, Nathan, eight days before Nathan reached his twelfth birthday. The petition made the conclusory allegation that "a material change in circumstances has occurred which adversely affects the welfare of the child, Nathan Clayton Hinton." However, the petition did not purport to spell out what that material change in circumstance was. Rather, the petition simply went on to declare that the child would soon attain the age of twelve years and had expressed the desire to live with Mr. Hinton and that such a change of custody was "in said child's best interest under the totality of the circumstances existing."
¶ 3. Prior to the hearing of the cause, the chancellor entered an order granting Mrs. Best's motion in limine to restrict the evidence to matters that had occurred since the conclusion of an earlier contested custody proceeding involving the same child that had ended on July 23, 1999.
¶ 4. The chancellor, in deciding a modification of custody, found as fact that the child was of the age of twelve years and had expressed a preference to live with his father. Additionally, he found as fact that the child had been experiencing discipline problems in school and that he was being left alone at home a couple of afternoons a week during the school year because Mrs. Best's work schedule as a nurse required her to work until approximately 7:30 p.m. on certain days. The matter of leaving the child unattended by an adult was made somewhat extraordinary by the fact that Nathan was a hemophiliac and, in the case *308 of an injury that might cause extensive bleeding, he would need to have an injection of proper medication promptly administered. There was evidence presented that Nathan had been taught to self-administer the injections should the need arise.

II.

Discussion
¶ 5. Section 93-11-65 of the Mississippi Code permits a child who has reached the age of twelve years to express a preference as to which parent the child desires to live with when custody disputes are presented to the chancery courts of our state for resolution. Miss.Code Ann. § 93-11-65(1)(a) (Rev.1994). However, such expressions of preference are not conclusive on the issue; rather, the chancellor is required only to take the fact into consideration when assessing the ultimate issue before the court, i.e., what is in the best interest of the child. Westbrook v. Oglesbee, 606 So.2d 1142, 1147 (Miss.1992).
¶ 6. Additionally, there is, in the case now before this Court, the proposition that a change of a previous judicial determination of custodyas opposed to an initial determination of custodymay not be decreed absent a finding that there has been a material change in circumstance in the present custodial arrangement that is adverse to the best interest of the child. Powell v. Powell, 644 So.2d 269, 275 (Miss. 1994).
¶ 7. Finally, in the particular circumstance of this case, the fact exists that Mr. Hinton had unsuccessfully sought a change of custody only some 10 months prior to bringing this petition and the parties stipulated, apparently based on notions of res judicata, that the petition would be determined solely on facts transpiring since the last hearing.
¶ 8. A chancellor's determination of fact is entitled to substantial deference when tested on appeal. McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994). He may be reversed only if the reviewing court is convinced that the determinations of fact are not supported by credible evidence or if an improper principle of law has been applied. Smith v. Jones, 654 So.2d 480, 492 (Miss.1995). Despite this limited scope of review, this Court is forced to conclude that the chancellor erred in determining that a change of custody was warranted under existing and binding principles of law. While a child's expression of preference must be afforded weight by the chancellor, this Court is unaware that it has ever been held that such an expression, supported by nothing more, constitutes the type of adverse material change in circumstance that would warrant a custody modification.
¶ 9. In this case, there was an earlier adjudication, made at a time when the child was already eleven years old, that there was nothing in the existing custody arrangement that the chancellor found detrimental to the child's interest. Nothing of any significance was shown to have occurred since that determination other than the fact that the child had reached the age of twelve. The chancellor made no determination that leaving the child alone at home for a few hours on several days during the week while his mother completed her shift as a nurse posed any substantial risk to the child's well-being. Even if the chancellor had felt that to be the case, there was no medical evidence or other expert testimony tending to show that to be the case. Neither was there any evidence that the custodial mother's work schedule was a departure from some earlier employment schedule that had permitted the mother to attend to the child at all times when he was not in school. The *309 evidence showed that the mother was in the health care field and had, in fact, occupied a position of prominence in the Mississippi Hemophilia Foundation, an organization dedicated to promoting the welfare of hemophiliac patients. There was also testimony that, during any time the child might be at home in the hours before his mother completed her nursing shift, another family relative was nearby to lend such aid as might be required.
¶ 10. There was additionally some testimony that the child had begun to experience some behavioral problems at school, but testimony offered by a school official indicated that the problems were minimal in nature and, in all events, there was no credible proof that any difficulties for the child arising at school were traceable to any improper action or inaction on the part of the custodial parent, Mrs. Best.
¶ 11. Viewing the evidence in its entirety, this Court simply cannot determine that there has been any change in the circumstances regarding the custody of this child since the previous adjudication leaving the child in the custody of his mother that would warrant a modification of that custody. We do not hold, by this decision, that there might not be a situation where a child, of some age over twelve years, could articulate compelling reasons as to why a change of custody would be in that child's best interest to the extent that the child's preference, supported by those articulated reasons, would warrant some modification. We simply conclude that, in this case, there was no such declaration by the child of sound, reasonable, and compelling reasons why he thought a change of custody was in his best interest. That fact, in combination with our determination that Mr. Hinton presented no convincing evidence that the custodial situation with Mrs. Best had so deteriorated since the earlier adjudication as to adversely affect the child's welfare, convinces us that the chancellor abused his discretion in this instance. For that reason, we find ourselves compelled to reverse and render the judgment of the chancellor modifying custody of this child.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY MODIFYING THE CUSTODY OF THE MINOR CHILD OF THE PARTIES IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. BRIDGES, J., CONCURS IN RESULT ONLY.