LEE, J., for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Juanita Joy McKenzie and Terry Joe McKenzie were married on November 11, 1987, and had two children, Terrence, born December 10, 1989, and Joanna Joy, born September 4,1991. Juanita and Terry separated on June 13, 1995, and were subsequently granted a divorce on the grounds of irreconcilable differences on March 22, 1996, in the Lawrence County Chancery Court. Juanita and Terry were granted joint legal custody, with physical custody of the children vested in Juanita.
¶ 2. On January 29, 2001, Terry filed a petition to modify the judgment of divorce, alleging a material and substantial change in facts and circumstances necessitating the transfer of custody of the children from Juanita to Terry. Juanita filed an answer to Terry’s petition for modification on March 27, 2001, along with a counter *317 claim for an increase in child support payments.
¶ 3. The trial was held on May 22, 2001, where the chancellor found that there was a material change in the circumstances to warrant an increase in child support payments. However, the chancellor reserved a final ruling on the issue of custody until a later date. On August 27, 2001, the chancellor entered an order transferring physical custody of the children to Terry. Juanita then perfected her appeal to this Court, asserting the following issues: (1) no material and substantial change in circumstances having an adverse effect on the children has occurred since the original custody order; (2) it was not in the best interest of the children to modify custody; (3) Terry did not meet the burden of proof necessary to warrant a modification of custody; (4) the chancellor did not appoint a guardian ad litem to protect the interests of the children; and (5) the chancellor should not have allowed the children to testify.
DISCUSSION OF ISSUES
I. HAS A MATERIAL AND SUBSTANTIAL CHANGE IN CIRCUMSTANCES OCCURRED SINCE THE ORIGINAL CUSTODY ORDER?
II. WAS IT IN THE BEST INTEREST OF THE CHILDREN TO MODIFY CUSTODY?
III. DID TERRY MEET THE BURDEN OF PROOF NECESSARY TO WARRANT A CUSTODY MODIFICATION?
¶ 4. As the first three issues are intertwined, we will analyze them together. We must first note our limited standard of review concerning a chancellor’s decision. A chancellor must be manifestly wrong or have applied an erroneous legal standard in order for this Court to reverse. Lipsey v. Lipsey, 755 So.2d 564(¶ 3) (Miss.Ct.App. 2000). Next, we review the guidelines by which a chancellor has the authority to modify a decree for child custody. The moving party must first prove by a preponderance of the evidence that, since entry of the judgment or decree sought to be modified, there has been a material change in circumstances which adversely affects the welfare of the child. Lipsey, 755 So.2d at (¶ 5). Second, if such an adverse change has been shown, the moving party must show by like evidence that the best interest of the child requires the change of custody. Id. Furthermore, the Mississippi Supreme Court has stated that “only parental behavior that poses a clear danger to the child’s mental or emotional health can justify a custody change.” Morrow v. Morrow, 591 So.2d 829, 833 (Miss.1991). Not every change in circumstances warrants a modification of custody — the chancellor must consider the totality of the circumstances. Lipsey, 755 So.2d at (¶ 5). The chancellor, however, is in the best position to ascertain whether witnesses and evidence are credible and the weight to give each. Chamblee v. Chamblee, 637 So.2d 850, 860 (Miss.1994).
¶ 5. At the conclusion of the hearing, the chancellor determined that “there has been a material change in circumstances in that the needs of the children as far as financial, the age, as the Supreme Court has repeatedly said, have increased, the income of the father and likewise has increased .... So therefore the Court finds that a material change in circumstances adversely affecting the children has occurred.” The chancellor then made an on the record analysis of the Albright factors as relating to the best interest of the children. See Albright v. Albright, 437 So.2d 1003 (Miss.1983).
¶ 6. According to the record, Terry petitioned for a custody change because *318 his income had increased, the children on two or three occasions spent time at Juanita’s boyfriend’s house without her present, and there had been bruises on the children a few times since the divorce. However, Terry produced no evidence showing that there was any adverse effect on the children. Throughout the hearing the demeanor of each child was described as well-adjusted, well-behaved, and- respectful. Each child’s teacher testified that they earned good grades and never caused any problems in class.
¶ 7. The child psychology expert, Paul Davey, testified about the results of a test he administered to Terrence and Joanna, which measured each child’s perception of their parents. Mr. Davey explained that the children rated their mother more favorably than their father on thirteen out of thirty-two scales on the test. Their father was rated more favorably on nine scales and their parents were tied on ten. During cross-examination, Mr. Davey admitted that he did not believe there had been a material change in circumstances and further stated that sporadic bruising was not sufficient to claim a material change in circumstances.
¶ 8. The children testified separately, in the presence of the chancellor and the attorneys. Joanna said at one point that she had never had bruises, then later said that she had received bruises. She testified that she loved her mother and would be fine if custody was not altered. Terrence testified that his mother occasionally spanked him if he got into trouble or did something wrong. Terrence alluded to the fact that during the school week Juanita was the disciplinarian because she made them do their homework and their weekends with Terry consisted of doing fun activities. He testified that he loved his mother, but he preferred to live with his father.
¶ 9. Despite our limited scope of review, this Court concludes that the chancellor erred in determining that a change of custody was warranted. Terry has presented no convincing evidence that the situation with Joanna had so deteriorated since the earlier custody determination as to adversely affect the children’s welfare. Furthermore, the chancellor was in error when he stated that, after Terrence turned twelve, he was under a duty to honor Terrence’s desire to live with his father. The chancellor also stated:
[S]ince the Court interprets what the Supreme Court has said as the election being a material change in circumstances that adversely affects the children then, of course, wherever one child elects- — and from the testimony from the younger child that she would want to be with her brother, of course, that would follow that most children — that I’m going to place both children together should an election be made.
This Court has recently stated that, although a child’s preference should be duly considered by the chancellor, a preference to live with one parent, absent other supporting evidence, does not “constitute the type of adverse material change in circumstances that would warrant a custody modification.” Best v. Hinton, 838 So.2d 306(¶ 8) (Miss.Ct.App.2002). We reverse on this issue.
¶ 10. As we have found the decision regarding the child custody modification to be clearly erroneous and warranting reversing and rendering, we find that the remaining two issues concerning the appointment of a guardian ad litem and the children testifying are moot.
¶ 11. However, we remand this case for the chancellor to review any questions concerning the modification of child custody, specifically in regards to child support payments.
*319 ¶ 12. THE JUDGMENT OF THE LAWRENCE COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.