855 So.2d 455 (2003)
Charles Stacy PIERCE, Appellant,
v.
Angela Harris Pierce CHANDLER, Appellee.
No. 2002-CA-00141-COA.
Court of Appeals of Mississippi.
July 15, 2003.
Rehearing Denied September 30, 2003.
*456 John W. Christopher, Ridgeland, Attorney for Appellant.
Bentley E. Conner, Canton, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
GRIFFIS, J., for the Court:
¶ 1. Charles Stacy Pierce and Angela Harris Pierce Chandler were awarded a divorce on September 11, 1997. The original divorce decree initially awarded both parties joint physical and legal custody of their child. Additionally, the original agreement transferred physical custody of the child to Mr. Pierce when the child started school. On January 25, 2001, Ms. Chandler filed a motion for modification because the child was going to start school the next fall. The chancellor found that since the child would soon turn five and enter school, this constituted a material change in circumstances and awarded physical custody to Ms. Chandler. Finding the chancellor erred, we reverse and remand.

FACTS
¶ 2. Charles Stacy Pierce and Angela Harris Pierce Chandler were married on September 18, 1993. They had one child, a daughter, born in March of 1996. The couple was awarded a no-fault divorce in September of 1997. In the original divorce decree, the couple agreed to joint physical and legal custody of the child, each parent having her for a week at a time. They also agreed that when the child entered school, the father would have physical custody of her during the week and the mother would have her on the weekends.
¶ 3. In September of 1998, Mr. Pierce filed a petition to modify custody and a citation for contempt against Ms. Chandler. He alleged that under the original divorce decree, Ms. Chandler was to provide him with proof of drug and alcohol counseling and testing, and she failed to do so. Mr. Pierce argued this placed Ms. Chandler in contempt. He also claimed Ms. Chandler continued to use drugs and alcohol and this behavior constituted a material change in circumstances.
¶ 4. Ms. Chandler filed a counter-motion for contempt and modification of custody asserting that Mr. Pierce had not maintained health and accident insurance on the child and had carried on a sexual affair in the presence of the child. The chancellor *457 found that both parties fell short of the degree of proof necessary to support their allegations and dismissed all motions and petitions. However, the chancellor added that "[b]oth parties are hereby made aware that when the child becomes 5years-of-age and school becomes a factor of consideration then that factor will strongly be looked at by the Court as a material change in circumstances with regard to physical custody of the child."
¶ 5. In January of 2001, Ms. Chandler filed a motion to modify custody. The child would soon be entering school, and Ms. Chandler claimed that this constituted a material change in circumstances warranting a change in custody. She asked the court to give her primary physical custody and control of the child. Mr. Pierce filed a counter-claim asking that he be awarded full custody of the child and child support.
¶ 6. In his findings of fact and conclusions of law, the chancellor concluded the child's entrance into school was a material change and found the sole issue to be who should be given physical custody of the child. Considering each of the Albright factors, the chancellor ultimately held that Ms. Chandler should be given physical custody of the child. The chancellor's reasoning for this was his concern that "Charles had not really formulated a plan for the child should he get physical custody. Angela had made more of an effort to do so."
¶ 7. Mr. Pierce has perfected his appeal to this Court and asserts the chancellor erred in granting Ms. Chandler physical custody of the child. Additionally, he claims the chancellor abused his discretion by not allowing a child counselor to testify as an expert witness.

STANDARD OF REVIEW
¶ 8. Our scope of review in domestic matters is limited. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994). This is particularly true "in the areas of divorce and child support." Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989). This Court is not called upon or permitted to substitute its collective judgment for that of the chancellor. Richardson v. Riley, 355 So.2d 667, 668-69 (Miss.1978). A conclusion that we might have decided the case differently, standing alone, is not a basis to disturb the result. Id.

ANALYSIS

I. WHETHER THE CHANCELLOR ERRED BY AWARDING PHYSICAL CUSTODY OF THE CHILD TO MS. CHANDLER.
¶ 9. "In cases involving a request for modification of custody, the chancellor's duty is to determine if there has been a material change in the circumstances since the award of initial custody which has adversely affected the child and which, in the best interest of the child, requires a change in custody." Sanford v. Arinder, 800 So.2d 1267, 1271(¶15) (Miss.Ct.App. 2001). As such, the non-custodial parent must pass a three-part test: "a substantial change in circumstances of the custodial parent since the original custody decree, the substantial change's adverse impact on the welfare of the child, and the necessity of the custody modification for the best interest of the child." Id. at 1272(¶15) (quoting Brawley v. Brawley, 734 So.2d 237, 241(¶12) (Miss.Ct.App.1999)). This Court has routinely utilized this test in the area of child custody modifications. See *458 Sanford, 800 So.2d at 1271(¶15); Thompson v. Thompson, 799 So.2d 919, 922(¶8) (Miss.Ct.App.2001); Brawley, 734 So.2d at 241 (¶12). In order to clarify the type or magnitude of material changes that warrant a modification of custody, our supreme court explained that when the totality of the circumstances display a material change in the overall living conditions in which the child is found which are likely to remain changed in the foreseeable future and such change adversely affects the child, a modification of custody is legally proper. Kavanaugh v. Carraway, 435 So.2d 697, 700 (Miss.1983).
¶ 10. With this legal standard in mind, we turn to the case at hand. In order to determine whether or not the chancellor was manifestly wrong, clearly erroneous or abused his discretion in applying the custody modification test, we review the record of the proceedings in the lower court.
¶ 11. The chancellor found the child's change in age constituted a material change in circumstances which adversely affected the child. His basis for this decision was that at that time, the child was alternating custody between the parents on a weekly basis. Since the child would not be able to continue this type of custody arrangement because of school attendance laws, the chancellor decided to place the child with her mother. In reviewing the original divorce decree, it is clear that both parties contemplated the child's entering school and agreed on a schedule for her care at that point. The agreement specifically provided that:
Unless the parties mutually agree otherwise in writing, when the minor child of the parties enters school, the Husband shall have physical custody of the child each week from 6 p.m. on Sunday until 6 p.m. on the immediately succeeding Friday, and on any fifth weekend from 6 p.m. on Friday until 6 p.m. on the immediately succeeding Sunday.
¶ 12. A reading of the chancellor's findings of fact shows the chancellor failed to consider this provision. Despite our limited scope of review, we find this was manifest error. When considering a modification of child custody, the proper approach is to first identify the specific change in circumstances, and then analyze and apply the Albright factors in light of that change. Sturgis v. Sturgis, 792 So.2d 1020(¶19) (Miss.Ct.App.2001). In this case the only change in circumstances considered by the chancellor is the child's age. The supreme court held in Albright that:
Age should carry no greater weight than other factors to be considered, such as: health, and sex of the child; a determination of the parent that has had the continuity of care prior to the separation; which has the best parenting skills and which has the willingness and capacity to provide primary child care; the employment of the parent and responsibilities of that employment; physical and mental health and age of the parents; emotional ties of parent and child; moral fitness of parents; the home, school and community record of the child; the preference of the child at the age sufficient to express a preference by law; stability of home environment and employment of each parent, and other factors relevant to the parent-child relationship.
Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). Additionally, this Court has held that a child's change in age alone does not constitute a material change in circumstances. Best v. Hinton, 838 So.2d 306, 309(¶11) (Miss.Ct.App.2002). In Best, the child had recently turned twelve and expressed a desire to change physical custody from his mother to his father. Id. at 307(¶12). The father asserted this alone *459 constituted a material change in circumstances which was adverse to the child. Id. The chancellor agreed and changed custody from the mother to the father. Id. at 307(¶ 4). This Court reversed and rendered concluding:
[I]n this case, there was no such declaration by the child of sound, reasonable, and compelling reasons why he thought a change of custody was in his best interest. That fact, in combination with our determination that Mr. Hinton presented no convincing evidence that the custodial situation with Mrs. Best had so deteriorated since the earlier adjudication as to adversely affect the child's welfare, convinces us that the chancellor abused his discretion in this instance.
Id. at 309(¶11).
¶ 13. Following our decision in Best, we simply cannot determine that there has been any change in the circumstances regarding the care of this child since the entry of the original custody agreement that would justify a modification. A provision placing the child in her father's care when she enters school was provided for in the original divorce decree. Nothing which affects the overall living conditions of the child has occurred which would constitute a material change in circumstances. For this reason, we are compelled to find the chancellor erred in changing physical custody of the child from Mr. Pierce to Ms. Chandler. We reverse the decision and reinstate the custody provisions of the original divorce decree and remand to determine the amount of child support to be paid by Ms. Chandler. Since this decision is dispositive of Mr. Pierce's second issue, we decline to consider its merits.
¶ 14.THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.