530 So.2d 185 (1988)
Sydney GEIGER
v.
Joan N. GEIGER.
No. 57781.
Supreme Court of Mississippi.
August 24, 1988.
Rehearing Denied September 21, 1988.
*186 Alvin M. Binder, Lisa B. Milner, Binder, Milner & Milner, Jackson, for appellant.
David Slaughter, Paul Snow, Paul Snow & Associates, Jackson, for appellee.
Before EN BANC.
HAWKINS, Presiding Justice, for the court:
Sydney Geiger has appealed from a decree of the chancery court of the First Judicial District of Hinds County denying his petition to reduce alimony payments, and awarding his former wife, Mrs. Joan N. Geiger, attorney fees.
Mrs. Geiger has cross-appealed for additional attorney fees.
We find no merit in the cross-appeal. We likewise find that the chancellor was within his discretion in denying any reduction in alimony. We do find, however, that under the facts of this case Mrs. Geiger should not have been awarded any attorney fees.

FACTS
A divorce based upon irreconcilable differences was entered as to Sydney Geiger and his wife Joan N. Geiger by the chancery court of the First Judicial District of Hinds County on April 18, 1980. They had married December 21, 1947, and four children had been born of their marriage.
The two of them owned shares in Delta Steel Corporation, a close corporation, with Mr. Geiger being the major shareholder. Mr. Geiger had started the business in 1955. An extensive property settlement and alimony agreement was executed by them, and was made a part of the decree.
This agreement, among other things, provided:
1. Mrs. Geiger would receive $2,000 per month alimony, binding upon the estate of the husband, but to cease in the event of her remarriage. [Emphasis added]
2. The corporation would lease the realty jointly owned by them for 20 years, at an annual rental of $15,000, but adjustable annually in accordance with the Bureau of Labor Statistics consumer price index.
3. The corporation would redeem Mrs. Geiger's shares for $214,000, payable partly in cash and the remainder over a ten-year period.
4. From their tax shelter investments, Mrs. Geiger was to receive $51,000, $11,000 down and the balance payable over a ten-year period.
5. Mr. Geiger agreed to maintain a $150,000 insurance policy on his life.

*187 6. Mr. Geiger agreed to maintain a medical and hospitalization insurance policy on his wife, and if the benefits were terminated for any reason, Mr. Geiger would be responsible for all such bills. This obligation was to terminate upon her remarriage.
Following their divorce, the prosperity of the corporation took a marked turn for the worse. On March 27, 1985, Mr. Geiger filed a motion to modify the final decree by decreasing the monthly alimony, eliminating the life insurance Mr. Geiger had obligated himself to maintain, eliminating the medical insurance, and by "decreasing the other obligations" in the divorce decree. Mr. Geiger alleged a substantial change in their financial circumstances  his for the worse, hers for the better.
Following discovery the chancellor conducted an extensive hearing on April 22, 1986, and rendered his opinion and final decree refusing to reduce alimony payments because Mr. Geiger had not shown a sufficient material change in circumstances to justify a reduction in alimony. The chancellor concluded that while the corporation had suffered financial reversals, it was recovering; and no doubt he also concluded that the monthly alimony, in view of Mr. Geiger's financial circumstances, was rather modest. He specifically noted Mr. Geiger's motion to modify was premature, thus indicating that Mr. Geiger might well be entitled to a modification at some future date. The chancellor did award Mrs. Geiger $5,000 attorney's fees in partial payment of her litigation expenses in defending this action.
Mr. Geiger has appealed, and Mrs. Geiger has cross-appealed, seeking full payment of all her litigation expenses.

LAW
We have carefully examined this record and concluded that there was substantial evidence to support the chancellor's decree, and clearly he was not manifestly wrong. It also appears that part of the payments Mr. Geiger sought to change or eliminate were property settlement, in any event; e.g., the life insurance policy. We make no express finding on this, however, because it is not necessary for us to do so, in view of our disposition of this appeal. We do reject Mrs. Geiger's contention that the $2,000 monthly alimony agreed to between the parties, and awarded by the court in the 1980 decree, was fixed or lump sum alimony not subject to reduction. Indicative factors for this conclusion are: the payments were terminable upon the wife's remarriage; they were "for her own support" and they were not "as settlement of the claim of wife to husband's properties." The test of East v. East, 493 So.2d 927 (Miss. 1986), was not met here.
Mr. Geiger also appeals from the refusal of the chancellor to award him sanctions because of Mrs. Geiger's failure to comply with discovery orders of the court. This again was a discretionary matter, and we find no clear abuse of discretion.
Finally, Mr. Geiger claims he should not have been assessed his wife's attorneys' fees. Under the facts of this case, we agree. We are, of course, reluctant to disturb a chancellor's discretionary determination whether or not to award attorney fees and of the amount of the award. Yet Mr. Geiger's motion to modify clearly had some merit; in fact, it had sufficient basis in fact that if the chancellor had reduced Mrs. Geiger's monthly alimony, we would not have been at liberty to disturb it. Also, Mrs. Geiger will suffer no financial hardship in having to pay her own attorneys' fees. She had ample financial holdings and admitted her ability to pay her own attorneys' fees. Craft v. Craft, 478 So.2d 258, 264-65 (Miss. 1985); Nichols v. Nichols, 254 So.2d 726, 727 (Miss. 1971).
We accordingly affirm on the chancellor's denial of the petition to reduce the alimony payments, but reverse and render judgment here on the award unto Mrs. Geiger of attorney fees. We affirm on the cross-appeal.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART ON DIRECT *188 APPEAL. AFFIRMED ON CROSS-APPEAL.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.
PRATHER, J., and ROBERTSON, J., dissent in part.
ANDERSON, J., not participating.
PRATHER, Justice, dissenting:
Respectfully, I dissent in part from the majority opinion regarding the disallowance of attorney's fees.
This marriage was of long duration, from 1947 to 1980; four children were born to the marriage, the youngest of which was eighteen at the time of the divorce. A property settlement agreement was entered into which, among other features, awarded the wife $2,000 per month alimony, unless the wife remarried and was to be a charge on the husband's estate. The husband has since remarried and sought to reduce the monthly alimony payment. The chancellor denied the request, which ruling this Court in its opinion affirmed. I agree. The chancellor granted the ex-wife partial attorney's fees of $5,000 to defend this suit. This Court reverses this award, and I disagree for the following reasons:
(1) The opinion recognizes that the monthly alimony payment was modest for people of this financial means.
(2) The chancellor found as a fact that the ex-husband's business was making "substantially the same and possibly more income" than at the time of the divorce and with substantial retained earnings.
(3) This opinion affirms the chancellor's findings of facts on all other matters except attorney's fees award.
(4) Only partial attorney's fees were allowed the ex-wife, and the ex-wife will have some additional attorney's fees to pay.
(5) The ex-husband initiated the suit; the ex-wife was forced to defend to protect her interests.
(6) The ex-wife was the successful party.
(7) If the opinion affirms the chancellor on denial of reduction of alimony, the court should also affirm the attorney's fees' award necessary to defend the suit.
(8) No issue is made of the amount of fees. The record consists of thirteen volumes.
There was no manifest error committed here by the chancellor in the exercise of his discretion in awarding partial attorney's fees to an ex-wife who is forced to defend against reduction. Even if the ex-wife has financial holdings and ability to pay her attorney's fees from her property settlement, she may seek allowance of fees from the court. In a factual case such as this one, the chancellor did not commit manifest error in granting partial fees for her defense, and this Court should not disturb the award.
Respectfully, I would affirm the chancery court in all respects.
ROBERTSON, J., joins in this opinion.