796 So.2d 264 (2001)
Kazue YOUNG, Appellant
v.
Frank YOUNG, Appellee.
Frank Young, Cross-Appellant
v.
Kazue Young, Cross-Appellee.
No. 2000-CA-01439-COA.
Court of Appeals of Mississippi.
September 18, 2001.
*266 David P. Oliver, Gulfport, for Appellant.
Clement S. Benvenutti, Bay St. Louis, for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. This divorce case was heard in the Harrison County Chancery Court with the Honorable J.N. Randall presiding. A twenty-nine year marriage ended in divorce on the ground of adultery committed by the husband. Mrs. Young prayed for alimony, child support, and attorney fees in her complaint, but was denied all at trial. In his decision, Chancellor Randall granted to Mrs. Young, all of her 401K retirement and twenty-five percent of her husband's military retirement. The parties were to sell the marital home and divide the net proceeds from the sale. Both parties have appealed portions of the decision. Mrs. Young appeals on the following issues:
1. THE COURT ERRED BY NOT GRANTING LUMP SUM OR PERIODIC ALIMONY TO THE APPELLANT.
2. THE COURT ERRED IN THE DIVISION OF MARITAL PROPERTY AND IN THE AMOUNT OF AWARD OF THE APPELLEE'S MILITARY RETIREMENT BENEFIT TO THE APPELLANT.
3. THE COURT ERRED BY NOT AWARDING ATTORNEY FEES AND COSTS TO THE APPELLANT.
Mr. Young cross-appeals raising the following issue:

1. WHETHER THE EQUITABLE DISTRIBUTION OF PROPERTY WAS UNFAIR AND MANIFESTLY WRONG IN THAT APPELLEE SHOULD HAVE BEEN AWARDED ONE HALF OF APPELLANT'S 401K AND RETIREMENT FUNDS.

FACTS
¶ 2. At the close of trial, the court held that Mrs. Young would receive two hundred twenty-five dollars a month from Mr. Young's military retirement, nearly twenty-five percent of his monthly retirement payment. With that, her own salary, the proceeds from the sale of the marital home and the additional money her daughter contributed from her own job, the court reasoned that Mrs. Young would be able to continue a satisfactory living. She would be able to keep for her own benefit the entire amount currently in her retirement funds.
¶ 3. Mr. Young was not awarded any of Mrs. Young's retirement funds. However, he would also not have to pay alimony, child support, her attorney fees or her *267 court costs. He would receive, on a monthly basis, three-quarters of his retirement fund and whatever else he earned through his odd jobs.

STANDARD OF REVIEW
¶ 4. "This Court is required to respect a chancellor's findings of fact that are supported by credible evidence particularly in the areas of divorce and child support." Ligon v. Ligon, 743 So.2d 404, 406 (Miss.Ct.App.1999), citing Steen v. Steen, 641 So.2d 1167, 1169 (Miss.1994). The Mississippi Supreme Court defers to the chancellor as fact finder in the presence of conflicting evidence. Morrow v. Morrow, 591 So.2d 829, 832 (Miss.1991).
This Court will always review a chancellor's findings of fact, but the Court will not disturb the factual findings of a chancellor when supported by substantial evidence unless the Court can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard.
Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996) (citations omitted).

DISCUSSION

1. The lower court did not err in not granting lump sum or periodic alimony to the appellant.
¶ 5. The Mississippi Supreme Court has established a list of factors to be considered by a chancellor in awarding lump sum alimony. They are: 1) substantial contribution to the accumulation of total wealth of the paying spouse either by quitting a job to become a housewife, or by assisting in the paying spouse's business; 2) length of the marriage; 3) separate income of the recipient spouse as compared to that of the paying spouse; and 4) financial security of the recipient spouse absent the lump sum payment. Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss. 1988). The Cheatham court went on to say that the single most important factor is the disparity of the separate estates. Id.
¶ 6. Upon review of the financial situation of the parties, Judge Randall did not award alimony, attorney fees or court costs to Mrs. Young. Looking at the above factors, Mrs. Young worked part-time and helped raise a child over the span of a twenty-nine year marriage. Her separate income is nearly the same as that of Mr. Young's and they both have retirement funds. As it stands, it appears that Mrs. Young's future is no less secure without the assistance of alimony. After reviewing the recital of monthly income, we, like the lower court, find that there is no disparity that tips the scale in Mrs. Young's favor. Therefore, we hold this issue to be without merit.

2. The lower court did not commit error in the division of marital property and in the amount of award of the appellee's military retirement benefit to the appellant.
¶ 7. This Court's guidelines for review of a chancellor's equitable division of marital assets are enumerated in Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss. 1994).
The equitable distribution of marital assets is committed to the discretion of the chancellor, whose findings will not be disturbed by this Court unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.
Arthur v. Arthur, 691 So.2d 997, 1003 (Miss.1997), citing Ferguson, 639 So.2d at 930.
¶ 8. Under the doctrine of equitable distribution, marriage is considered a partnership *268 with both spouses contributing to the marital estate in the manner which they have chosen. Ferguson, 639 So.2d at 927. We have chosen to list the Ferguson factors. They are as follows:
1. Substantial contribution to the accumulation of property
a. direct or indirect economic contribution
b. contribution to stability and harmony of the marital relationship measured by quality, quantity of time spent on family duties and duration of marriage.
c. contribution to the education, training bearing on the earning capacity of spouse accumulating assets.
2. Degree to which each spouse has expended, withdrawn, or otherwise disposed of marital assets and any prior distribution of assets.
3. Market value and emotional value of assets subject to distribution.
4. Value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse.
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution.
6. Extent to which property division may be utilized to eliminate periodic payments and other potential sources of friction.
7. Needs of the parties.
8. Any other factor which in equity should be considered.
Id. at 928.
¶ 9. "The chancellor is not required to address each and every factor and may consider only the factors which he finds applicable to the marital property." Burnham-Steptoe v. Steptoe, 755 So.2d 1225, 1233 (Miss.Ct.App.1999), citing Weathersby v. Weathersby, 693 So.2d 1348, 1354 (Miss.1997).
¶ 10. Based on their financial declaration statements, Chancellor Randall held that neither party was well-off financially. He noted that neither of the parties provided accurate financial declaration statements but other documents helped clear up the confusion over each parties income. The chancellor made detailed findings of fact as to his calculations and division of the money and property. These are stated in the record according to what is enumerated in the Ferguson case. Each party would be left with approximately $1000 in income per month and no home in which to live. This was a difficult position for both parties to be placed, however, there was very little to distribute. Chancellor Randall equitably divided all of their property, including the marital home, retirement accounts and personal items, with the Ferguson factors and established case law in mind. The chancellor committed no error.

3. The lower court did not err by not awarding attorney fees and costs to the appellant.
¶ 11. "Generally the award of attorney fees in a divorce case is left to the discretion of the trial court." Burnham-Steptoe, 755 So.2d at 1235 (quoting Cheatham, 537 So.2d at 440). We are "reluctant to disturb a chancellor's discretionary determination whether or not to award attorney fees." Geiger v. Geiger, 530 So.2d 185, 187 (Miss.1988). Mississippi maintains a "general rule that where `a party is financially able to pay her attorney, an award of attorney's fees is not appropriate.'" Id. *269 (quoting Martin v. Martin, 566 So.2d 704 (Miss.1990)).
¶ 12. In her appeal, Mrs. Young points out that she had to borrow money in order to pay her attorney for his services. By doing so, she has shown that she did not have large amounts of money at her disposal. However, not having a cash reserve is not reason enough to order attorney fees to be paid by the other party. She was able to borrow money from a lending institution. Mrs. Young has shown that she had access to money and by virtue of receiving a loan she has indicated that she has the ability to repay it. The chancellor committed no error.

Cross-Appeal by Mr. Young

1. The equitable distribution of property was fair and not manifestly wrong as the appellee should not have been awarded one half of appellant's 401K and retirement funds.
¶ 13. There is no indication that the chancellor committed reversible error in his decisions regarding the equitable distribution of marital assets. The chancellor held that his division of the monies left each party in a similar position as to finances. For the reasons stated above and the previous arguments presented, we find the assertion that Mr. Young should receive half of Mrs. Young's 401K and her retirement to be without merit.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS HEREBY AFFIRMED ON DIRECT AND CROSS APPEAL. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT AND THE APPELLEE IN EQUAL PORTIONS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, and CHANDLER JJ., concur.
BRANTLEY, J., not participating.