BRIDGES, P.J.,
for the Court.
¶ 1. Matthew Alan Leiden filed a request for modification of child support in the Chancery Court of Scott County and his ex-wife Kelly responded and filed a counter suit for non-payment of child support and alimony. The trial court denied Matthew’s motion and entered judgment in Kelly’s favor for the unpaid alimony. Aggrieved, Matthew asserts the following issue on appeal:
I. THE TRIAL COURT ERRED IN DENYING APPELLANT’S CLÁIM FOR MODIFICATION OF ' CHILD SUPPORT.
112. Finding no error, we affirm.
*584 FACTS
¶ 3. Matthew and Kelly Leiden were heretofore husband and wife. During their marriage, they had four children: Christin Lee Leiden, born February 12, 1984; Donald Justin Leiden, born January 25, 1987; Steven Michael Leiden, born September 19, 1989; and Lauren Walsh Leiden, born December 4, 1992. Matthew was in the United States Navy during the marriage and had contemplated taking early retirement when it became available.
¶ 4. Matthew and Kelly obtained a divorce in Clay County, Florida, on May 5, 1999. Kelly was awarded custody of the children, and the divorce decree made the following provisions for child support:
The Husband shall provide through military allotment directly to the Wife’s bank account, child support, in the amount of $2,100.00, commencing on May 1, 1999, and continuing on the first day of each and every month thereafter, until such time as the oldest child reaches the age of majority, marries, dies, is between the age of 18 and 19 and is still in high school performing in good faith with a reasonable expectation of graduation before the age of 19 or becomes self-supporting. At that time, child support shall be re-computed under the then present Florida child support guidelines.
¶ 5. After the divorce was final, Matthew moved to Virginia and Kelly moved with the children to Mississippi.
¶ 6. On March 21, 2002, Matthew filed a motion for modification of consent final judgment with the Chancery Court of Scott County, Mississippi requesting a reduction of his child support obligation based upon a reduction of his income since his retirement from the Navy on January 1, 2002. In May 2002, Christin Lee Leiden, who was already eighteen years of age, graduated from high school. At the time of trial in November 2002, Christin was a college freshman. Kelly filed a registration of foreign order and motion for registration of foreign judgment and also filed a counter-motion to cite counter-defendant Matthew for contempt and for other relief on June 23, 2002. The counter-claim sought relief for Matthew’s alleged nonpayment of child support and alimony in the amount of $14,762.93.
¶ 7. Chancellor David Clark, II recused himself and Chancellor Jerry G. Mason was appointed on August 27, 2002, to preside over the case. Trial was held in November 2002, and on December 5, the court rendered its memorandum opinion and entered judgment in favor of Kelly Leiden for unpaid child support and some attorney’s fees and denied Matthew’s request for modification of child support. Matthew perfected an appeal to this Court based solely on the issue of modification of child support.
ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING APPELLANT’S CLAIM FOR MODIFICATION OF CHILD SUPPORT?
¶ 8. Matthew asserts that the trial court erred in denying his claim for modification of child support because he claims he is getting, in effect, the worst of both worlds. To wit, Matthew is forced to pay the higher percentages under Florida law and to pay support for the oldest child that according to Matthew should already be emancipated under Florida law. Matthew asserts that his salary is now less and he should be granted a modification. Kelly asserts that Matthew came to the court with unclean hands and that the chancellor, therefore, did not err in denying his request for modification.
*585 ¶ 9. A limited standard of review is employed by this Court in reviewing decisions of a chancellor. Stacy v. Ross, 798 So.2d 1275, 1278(¶ 13) (Miss.2001) (citing Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997)). Findings will not be disturbed on review unless the chancellor abused his discretion, was manifestly wrong, or made a finding which was clearly erroneous. Id. (citing Bank of Miss. v. Hollingsworth, 609 So.2d 422, 424 (Miss.1992)).
¶ 10. In seeking a modification of child support obligations, the moving party must prove that a material change in circumstances has occurred since the entry of the decree, that such change was unforeseeable at the time of the decree, and that the change was not caused by willful or bad faith actions on the moving party’s part. Magee v. Magee, 755 So.2d 1057, 1059-60(¶ 9) (Miss.2000) (citing Varner v. Varner, 666 So.2d 493, 497 (Miss.1995)). A chancellor is afforded broad discretion in the area of modification of child support obligations, and this Court will reverse only when the chancellor was manifestly in error in a finding of fact or if there has been an abuse of discretion or when an erroneous legal standard was applied. Lahmann v. Hallmon, 722 So.2d 614(¶ 27) (Miss.1998) (citing McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994); Tilley v. Tilley, 610 So.2d 348, 351 (Miss.1992); Hammett v. Woods, 602 So.2d 825, 828 (Miss.1992)).
¶ 11. The chancellor found Matthew to be in arrears on his child support payments. Indeed, Matthew testified that he was behind in the amount of $14,762.93. In Hooker v. Hooker, 205 So.2d 276, 278 (Miss.1967), the court prescribed that “a husband may not petition for modification of the original decree without a showing either that he has performed it or that his performance has been wholly impossible.” The supreme court has recognized that this showing must be done in “particular and not general terms.” Gregg v. Montgomery, 587 So.2d 928, 932 (Miss.1991). No party obligated by a judicial decree to provide support for minor children, may resort to self help and modify his or her obligation with impunity. Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss.1990). The interest of children weighs in the judicial mind far heavier than those of either parent. Id. Matthew failed to provide evidence that his performance has been wholly impossible.
¶ 12. Evidence at trial also showed that Matthew voluntarily terminated his employment with the Navy and that he had planned to take an early retirement even before his divorce from Kelly. Due to the voluntary actions of Matthew and his prior plan for early retirement, his alleged decrease in income does not make him eligible for a modification of child support. Magee, 755 So.2d at 1059-60(¶ 9).
¶ 13. Matthew asserts now that the alleged emancipation of Christin should have been taken into account by the trial court. However, Matthew did not raise this issue before the trial court. In both his original motion for modification and his amended motion for modification, Matthew’s only ground of modification was his alleged reduced income due to retirement from the Navy. Therefore, the matter of alleged emancipation of Christin was never before the trial court for decision. It is well-settled that an issue not raised before the lower court and only raised for the first time on appeal is deemed waived and procedurally barred. Mississippi Dept. of Transp. v. Trosclair, 851 So.2d 408(¶ 19) (Miss.Ct.App.2003).
¶ 14. The chancellor did not err in finding that Matthew came to court with unclean hands and in denying his motion for *586 modification of child support. The evidence provided that Matthew’s retirement was voluntary and foreseeable at the time of the decree. The matter of Christin’s emancipation was never properly raised before the lower court. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.