KING, C. J.,
for the Court.
¶ 1. Tomechia McNair appeals the portion of the chancellor’s order granting an increase in the award of child support from the amount of $297 per month to $591 per month. Because Bridget N. Clark failed to prove the required material change in circumstances to warrant an increase in child support, the Court reverses the chan *75 cellor and reinstates the original support order of $297 per month.
FACTS AND PROCEDURAL HISTORY
¶2. Tomechia McNair and Bridget N. Clark are the parents of three children, an eleven-year old and eight-year old twins. McNair is also the father of two other children, and Clark also has another child. McNair and Clark never married.
¶ 3. On May 17, 1999, McNair and Clark entered into a Stipulated Agreement of Support and Admission of Paternity. In that agreement, McNair agreed to pay $297 per month in child support and to provide health insurance for the children. The parties submitted the order to a chancellor in Scott County, who approved the agreement and entered an order to that effect on July 29, 1999. The parties operated under this agreement for almost six years until April 26, 2005, when Clark filed a petition for modification.
¶ 4. In that petition, Clark requested that the terms and conditions of McNair’s child support obligations be increased to include payments for school uniforms, medical costs not covered by insurance, extracurricular activities, and college expenses. Clark alleged in the petition that a material change in circumstances had occurred.
¶ 5. McNair responded to the petition and filed a counterclaim. In his response, he specifically denied that there was a material change in circumstances that warranted an increase in support. He further alleged that Clark had denied him visitation rights. McNair sought visitation rights and joint legal custody of the three minor children. Additionally, McNair alleged that Clark’s recently attained employment constituted a material change in circumstances and grounds for modifying the current order of child support to require Clark to begin providing health insurance for the children.
¶ 6. Both parties submitted financial statements to the chancellor, in compliance with Uniform Chancery Court Rule 8.05. The chancellor then conducted a hearing on August 19, 2005. At the hearing, the parties announced that they had reached agreement on all of the issues pertaining to visitation and custody and insurance coverage and payments. The only issue for the chancellor’s consideration was the modification of McNair’s child support payments. The chancellor heard arguments from the attorneys, but neither side provided any testimony for the chancellor’s consideration. A close reading of the record and briefs indicates that the parties themselves were not present at the hearing.[1] The chancellor did not address the issue of a material change in circumstances. Instead, following the announcement of the stipulations, the chancellor proceeded directly to arguments and analysis of the child support guidelines and whether McNair was entitled to a deviation from those guidelines.
¶ 7. McNair raised several issues in support of a deviation from the child support guidelines. McNair argued that he should be credited for providing non-eourt-or-dered support to his oldest child, who lived with McNair’s parents but for whom McNair provided support and necessities. McNair also requested a deviation for his fifth child, for whom he provided $140 per month in court-ordered child support. McNair then argued that his commuting expenses should be taken into consider *76 ation, as well as his mortgage and other living expenses incurred to provide a home for his children to visit. Finally, McNair raised the issue of $50,000 in anticipated medical bills incurred when one of the twins underwent two brain surgeries in 2005.
¶ 8. The chancellor denied all of McNair’s requests for a deviation from the child support guidelines, with the exception of the $140 monthly court-ordered child support payments for McNair’s fifth child. The chancellor ruled that McNair was not entitled to a deviation for his support of his oldest child because the support that he provided was not court-mandated support. With regard to the anticipated medical expenses, the chancellor denied the deviation because it was unclear whether McNair would be required to pay those bills or whether Medicaid would cover those expenses. The chancellor advised the parties, however, that he would reconsider his position if McNair became liable for those expenses, as that liability would constitute a material change in circumstances. The chancellor then calculated McNair’s child support payments at $591 per month.
¶ 9. McNair appealed the chancellor’s decision. In his appellate brief, McNair raises three issues: (1) that the chancellor abused his discretion by not allowing a deviation for McNair’s oldest child and that the failure to permit the deviation violated the equal protection rights of both McNair and his child; (2) that Clark failed to prove a material change in circumstances that would permit the chancellor to modify the existing final order of child support between the parties; and (3) that the chancellor abused his discretion in failing to allow a deviation for the medical bills and that the chancellor’s failure to do so violated McNair’s right to equal protection under the law.
¶ 10. Upon its initial review of the record, this Court determined that it could not substantively review the case absent specific findings of fact and conclusions of law from the chancellor. The chancellor’s final judgment, dated August 26, 2005, ordered McNair to pay $591 a month in child support but listed no findings of fact or conclusions of law that supported the chancellor’s decision to increase the amount of child support that McNair paid to Clark. Accordingly, the Court ordered the chancellor to enumerate the specific findings of fact and conclusions of law on the following issues: (1) “the material change in circumstances that warranted an increase in child support” and (2) the “decision to disallow any deviation from the child support guidelines.”
¶ 11. The chancellor submitted his findings of fact and conclusions of law in an opinion and order dated May 16, 2007. The order opined that the issue of the material change in circumstances was stipulated to by the parties and, therefore, was not before the chancellor at the time of the hearing. The order further states that even if the parties had not stipulated that a material change in circumstances existed, the chancellor would have found a material change in circumstances based on the following: (1) the increased age of the children, (2) the doubling of McNair’s income over the six year period following the signing of the first child support order, and (3) the increase in the medical expenses and care for the child who recently had undergone two brain surgeries.
¶ 12. With regard to the chancellor’s initial order that McNair was not entitled to a deviation from the child support guidelines, the chancellor held that the three reasons that McNair cited in support of a deviation from the child support guidelines were without merit. The chancellor found that McNair was not entitled *77 to a reduction based upon his non-court-ordered support of his oldest child. The chancellor also held that McNair’s commuting expenses and housing expenses were not unusual enough to qualify McNair for a deviation. Finally, the chancellor held that the evidence of medical bills incurred on behalf of the child who underwent two separate brain surgeries was not sufficient to permit the chancellor to make a finding. According to the chancellor, the evidence presented did not establish that McNair was, in fact, liable for those expenses.
¶ 13. The Court has now had the opportunity to review the chancellor’s specific findings and holds that the chancellor erred as follows: (1) the parties did not stipulate to a finding of a material change in circumstances; and (2) the chancellor’s alternate finding that Clark established a material change in circumstances that entitled her to a modification of the existing order of child support is not supported by substantial evidence. Accordingly, this Court reverses the chancellor’s decision to increase child support without addressing McNair’s remaining points of error.
STANDARD OF REVIEW
¶ 14. This Court reviews a chancellor’s award of child support under the substantial evidence/manifest error standard. See Leiden v. Leiden, 902 So.2d 582, 585 (¶¶ 9-10) (Miss.Ct.App.2004). The chancery court has broad discretion, particularly in the areas of divorce and child support, and a chancellor’s decision will not be overturned by this Court unless the findings of fact are manifestly wrong or are not supported by substantial credible evidence or an erroneous legal standard was applied. Id. See also Sarver v. Sarver, 687 So.2d 749, 753 (Miss.1997); Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989).
ANALYSIS
Stipulation of the parties
¶ 15. The chancellor found that the issue of a material change in circumstances, the predicate finding necessary for a modification of a child support order, was not before the court at the time of the hearing on Clark’s petition for modification because the parties stipulated that there was, in fact, a material change in circumstances. In support, the chancellor cites the following exchange from the transcript of the hearing:
MS. THOMPSON:....
And the issue that remains before the Court is the amount that should be awarded today as to child support.
THE COURT: All right. The amount of child support. That is the only issue before the Court, correct?
MR. LAWRENCE: That is correct, Your Honor.
The chancellor further states that McNair did not contest Clark’s allegation in her pleading that a material change in circumstances had occurred, thereby warranting an increase in child support. The chancellor cites McNair’s response to Clark’s petition for modification, in which the chancellor contends that McNair alleged that “[t]here has been a material change in circumstances since the rendition of the Order Approving Stipulated Agreement of support was entered by this Court [sic][2], which necessitates the Defendant seeking a modification of said order.” On the basis of these excerpts from the record, the chancellor states that “[t]he parties so stipulated.”
*78 ¶ 16. This Court finds that the parties did not stipulate that a material change in circumstances had occurred and that the chancellor erred in failing to consider the issue. A more thorough examination of the record reveals the following:
¶ 17. In his response to Clark’s petition for modification, McNair specifically denied Clark’s allegation “[tjhat a material change in circumstances has occurred and warrants a substantial increase in child support with the defendant being responsible for paying a reasonable attorney’s fee and all costs of Court.”
¶ 18. McNair not only responded to Clark’s petition and denied that Clark was entitled to an increase in child support, McNair counterclaimed for a modification in his favor. The chancellor contends that McNair agreed that a material change in circumstance had occurred to warrant an increase in child support, when McNair actually was arguing that a material change in Clark’s circumstances had occurred which warranted a decrease in his child support obligations. In his counterclaim, McNair’s full statement reads as follows:
There has been a material change in circumstances since the rendition of the Order Approving Stipulated Agreement of support was entered by this Court, which necessitates the Defendant seeking a modification of said order. The Plaintiff is gainfully employed and the Order of Support entered in this cause should be modified to require the Plaintiff to maintain health and medical insurance coverage upon said minor children with the parties to be responsible for one-half of any and all medical bills not covered after payment has been made by each of their insurance carriers.
¶ 19. The pleadings clearly demonstrate that the parties did not agree that a material change in circumstance had occurred, as both Clark and McNair each believed that they were entitled to a modification in their favor.
¶ 20. The parties did reach agreement on many of the issues prior to the hearing on August 19, 2005. The stipulation, which Clark’s counsel read into the record at that hearing states as follows:
We have stipulated to visitation for the Defendant Tomechia McNair as to all three minor children. We have a scheduled visitation agreement that we have both approved. As to the defendant claiming one of the children as a dependent for federal tax purposes, we have stipulated that the defendant may claim the oldest child. As to legal custody, we have stipulated that the defendant shall be allowed joint legal custody with the plaintiff Bridget N. Clark. We have stipulated that the plaintiff Bridget N. Clark shall have sole physical custody of the minor children. And we have stipulated that as to any and all expenses as far as insurance, what insurance doesn’t cover that both parties shall be responsible equally for those expenses.
And the issue that remains before the Court is the amount that should be awarded today as to child support.
These stipulations are quite specific as to the nature of the issues to which the parties are stipulating as well as the details and parameters of each stipulation. Nothing in the stipulation indicates that McNair and Clark agreed that a material change in circumstances had occurred which warranted an increase in child support, and there is no specific finding to that effect. The parties’ subsequent actions on appeal also indicate that they did not intend to stipulate to a finding of a material change in circumstances.
¶ 21. The second issue that McNair raised on appeal was that Clark failed to *79 meet the burden of proof to demonstrate that a material change in circumstances occurred. McNair argued that Clark’s only proof was McNair’s increased salary which, he argued, could not by itself constitute a material change in circumstances. In her response brief, Clark does not argue that McNair is barred from raising the issue on appeal because the parties stipulated to a finding of a material change in circumstances. Instead, Clark argues the merits of the chancellor’s decision and contends that she submitted sufficient evidence to warrant a finding of material change in circumstances and, therefore, an increase in child support.
¶ 22. Neither party seems aware that it stipulated to a finding of a material change in circumstances. Such a stipulation, had it been entered into between the parties, would have been binding on both McNair and Clark. See generally Wilbourn v. Hobson, 608 So.2d 1187, 1189-90 (Miss.1992). This Court is unwilling to bind parties to a stipulation absent a specific statement setting forth the agreed-upon facts. Accordingly, this Court finds that the parties did not stipulate to a finding of a material change in circumstances and holds that the chancellor erred, as a matter of law, in failing to address the issue.
Material change in circumstances
¶ 23. The standard applicable to modification of a final child support order is well-established:
In seeking a modification of child support obligations, the moving party must prove that a material change in circumstances has occurred since the entry of the decree, that such change was unforeseeable at the time of the decree, and that the change was not caused by willful or bad faith actions on the moving party’s part. Magee v. Magee, 755 So.2d 1057, 1059—60(¶ 9) (Miss.2000) (citing Varner v. Varner, 666 So.2d 493, 497 (Miss.1995)).
Leiden, 902 So.2d at 585(¶ 10). The material change in circumstances may be linked to any of the interested parties — the father, the mother, or the children. See Edmonds v. Edmonds, 935 So.2d 980(¶ 19) (Miss.2006) (citations omitted).
¶ 24. The Mississippi Supreme Court has articulated a number of factors that a chancellor should apply in determining what constitutes a material change in circumstances. See Caldwell v. Caldwell, 579 So.2d 543, 547 (Miss.1991). Those factors include:
(1) increased needs caused by advanced age and maturity of the children (2) increase in expenses, and (3) inflation factor. Other factors include (4) the relative financial condition and earning capacity of the parties, (5) the health and special needs of the child, both physical and psychological, (6) the health and special medical needs of the parents, both physical and psychological, (7) the necessary living expenses of the father, (8) the estimated amount of income taxes the respective parties must pay on their incomes, (9) the free use of a residence, furnishings, and automobile and (10) such other facts and circumstances that bear on the support subject shown by the evidence.

Id.

¶ 25. Although the chancellor asserted that the issue of a material change in circumstances was not before him at the time of the August 19, 2005, hearing, the chancellor also states in his opinion that had the issue been before him, he would have found that a material change in circumstances did exist which warranted an increase in child support. The chancellor cites the increased ages of the children, given the six-year period between the first order of support and the petition for modi *80 fication, the increase in McNair’s salary over that six-year period, and the increased expenses associated with caring for the child who had undergone two brain surgeries as sufficient proof of a material change in circumstances.
¶ 26. The chancellor’s review in this case is limited to the documentary evidence submitted with the petition for modification, the response, and the documents introduced into evidence at the hearing. The attorneys for both McNair and Clark opted not to present any testimony at the hearing, so neither McNair nor Clark testified. Rather, the parties relied on the oral arguments that their attorneys made before the chancellor. The documentary evidence consisted of the first order of child support, the parties’ Rule 8.05 financial statements, a single paycheck stub belonging to McNair, and the documents detailing the medical expenses accrued as a result of one of the children’s brain surgeries. Accordingly, the Court reviews these documents to determine whether the chancellor’s finding that a material change in circumstances had occurred was supported by substantial evidence.
1. The increased ages of the children
¶ 27. The chancellor first cites the increased ages of the children. At the time of the first support order, the couple’s oldest child was four years and nine months old, and the twins were two years and six months old. The chancellor then notes that, at the time of the hearing, the oldest child was almost eleven years old, and the twins were eight years old. Relying on their ages alone, the chancellor states that “the passage of time itself can constitute a material change in circumstances warranting an increase in child support,” citing Varner v. Varner, 588 So.2d 428 (Miss.1991).
¶28. Varner does not stand for the proposition that the chancellor asserted in his opinion. In fact, Mississippi law holds the opposite: a “child’s change in age alone does not constitute a material change in circumstances.” See Pierce v. Chandler, 855 So.2d 455, 458(¶ 12) (Miss.Ct.App.2003) (citing Best v. Hinton, 838 So.2d 306, 309(¶ 11) (Miss.Ct.App.2002)). In speaking tangentially on the issue of the ages of the children, Varner does note that “[r]are is the child whose financial needs do not increase with age.” Varner, 588 So.2d at 433. However, Varner makes no further comment on the increased age of the children as grounds for finding a material change in circumstances.
¶ 29. This Court agrees with the principle asserted in Varner and in other Mississippi cases — that as children grow older, meeting their needs becomes more expensive. As children age, they eat more, their basic clothing needs increase, and they become involved in extra-curricular activities. All of these factors lead to an increase in the amount of money necessary to raise and support a child. While the increase in a child’s age alone is an indicator that an increase in support may be warranted, it is not, standing alone, evidence of a material change in circumstances. See Pierce, 855 So.2d at 458(¶ 12). To find a material change in circumstances based upon increased expenses, the amount of those expenses must not have been foreseeable at the time of the original order, and the parent seeking an increase in child support must state specifically the basis and amounts of those increased expenses. See Kilgore v. Fuller, 741 So.2d 351, 353(¶ 6) (Miss.Ct.App.1999).
1Í 30. In the case sub judice, Clark’s Rule 8.05 financial statement lists several activities in which the three children are involved, but there is no evidence to indicate whether these activities were *81 unforeseeable or whether the amount necessary to sustain those activities was unforeseeable. Such evidence could easily have been supplied through testimony from Clark, had she testified, and the burden rested with Clark to prove an increase in expenses that constituted a material change in circumstances. See Adams v. Adams, 591 So.2d 431, 435 (Miss.1991). However, the chancellor had no such evidence. The only evidence before the chancellor was the increased ages of the children and a line-item statement in Clark’s Rule 8.05 financial statement that the children were involved in extra-curricular activities. Without evidence of unforesee-ability in either the activities or the amount of those activities, however, the record cannot support the chancellor’s finding that the increased ages of the children constitutes a material change in circumstances.
2. The increase in McNair’s income
¶ 31. The chancellor next found that the increase in McNair’s income, from $1,350 per month in 1999 to $2,686.79 in 2005, constituted a material change. Again, Mississippi law is clear that an increase in income is just one factor to be considered in determining whether a material change in circumstances has occurred. See Caldwell, 579 So.2d at 547. Increased income by the parent paying child support is not, by itself, enough to warrant an increase in child support. See Pipkin v. Dolan, 788 So.2d 834, 838-39(¶ 13) (Miss.Ct.App.2001).
3. Medical needs of a child
¶ 32. Finally, the chancellor found that because one of the twins had recently undergone two separate brain surgeries, “[n]ot only have medical expenses for the child increased, but incumbent with that increased medical cost would be an increase in the cost of support and maintenance of the child by the custodial parent.” The chancellor cited the child’s medical issues as a material change in circumstance.
¶33. This Court disagrees with the chancellor’s findings because they are unsupported by the evidence. The only evidence before the chancellor regarding the child’s health were the statements from the insurance company notifying McNair of potential medical expenses. Nothing in those documents indicates that the child will have ongoing or extraordinary medical expenses following the surgeries, and the chancellor heard no testimony regarding the child’s current health status or the need for any future medical treatment. Additionally, the parties stipulated that they would split any future medical costs not covered by insurance; therefore, the chancellor would be overstepping his authority to increase the amount of child support in contradiction to the parties’ stipulation. Accordingly, the chancellor’s finding that one of the children’s health issues constituted a material change in circumstances cannot stand.
¶ 34. Without evidence of unforeseeable increased expenses due to the increased ages of the children or evidence of extraordinary medical expenses for one of the children, the only evidence in the record that would tend to support a finding of a material change in circumstances is the increase in McNair’s income. Mississippi law is clear that a finding of a material change in circumstances is predicated on consideration of a number of factors, and an increase in income alone is not sufficient to warrant the modification of a child support order.
¶ 35. In reversing the chancellor’s order increasing the amount of child support that McNair is obligated to pay, the Court finds that the chancellor erred in failing to consider initially, at the time of the hear *82 ing, the issue of a material change in circumstances. Additionally, the Court finds that the chancellor’s subsequently ordered findings of fact and conclusions of law do not support a finding that there was, in fact, a material change in circumstances that warranted an increase in child support. Accordingly, this Court holds that the chancellor erred in increasing McNair’s child support payments from $297 per month to $591 per month. Because the Court holds that the chancellor erred in increasing child support, the Court need not address McNair’s remaining point of error — whether he was entitled to any deviations from the guidelines.
¶ 36. THE JUDGMENT OF THE SCOTT COUNTY CHANCERY COURT IS REVERSED AND THE ORIGINAL $297 MONTHLY SUPPORT ORDER IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.

. The record is clear that Clark was not present, as the chancellor specifically asked if Clark was present during the discussion of the Medicaid issue. Clark's brief indicates that McNair also was not present at the hearing.

. The chancellor inserted the [sic] symbol in his quotation from McNair’s response.