LEE, P.J., for the Court.
 

 PROCEDURAL HISTORY AND FACTS
 

 ¶ 1. Tony B. Sessums (Sessums) and Tammy Sessums Vance (Vance) were divorced in the Newton County Chancery Court on June 28, 2005. Sessums was ordered to pay $750 per month in child support for their three children. At the time of the divorce, Sessums had two jobs, one his regular job as a truck-shop foreman and the other a part-time job as a farmhand in which he earned $600 per month. In February 2007, Sessums found another full-time job. By that time Ses-sums had ceased working as a farmhand and decided not to seek other part-time employment..
 

 ¶ 2. In 2007, Sessums filed a motion for modification of his child support obligation stating that a material change in circumstances had occurred and that he was entitled to a reduction in child support. After a hearing on the matter, the chancellor denied Sessums’s motion and awarded attorney’s fees in the amount of $1,750 to Vance. Sessums now appeals, asserting that the chancellor erred in denying his motion to reduce his child support payments and in awarding attorney’s fees to Vance.
 

 STANDARD OF REVIEW
 

 ¶ 3. “This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was used.”
 
 Southerland v. Southerland,
 
 875 So.2d 204, 206(¶ 5) (Miss.2004) (citing
 
 Kilpatrick v. Kilpatrick,
 
 732 So.2d 876, 880(¶ 13) (Miss.1999)). “In cases involving child support, we afford the chancellor considerable discretion, and his findings will not be reversed unless he was manifestly in error or abused his discretion.”
 
 Id.
 
 at 208(¶ 12).
 

 DISCUSSION
 

 I. DID THE CHANCELLOR ERR IN DENYING SESSUMS’S MOTION FOR MODIFICATION OF HIS CHILD SUPPORT OBLIGATION?
 

 ¶ 4. In his- first issue on appeal, Sessums argues that the chancellor erred in denying his motion to reduce his child support payments by $132 per month. Child support can be modified if there has been “a substantial or material change in the circumstances of one or more of the interested parties.”
 
 Caldwell v. Caldwell,
 
 579 So.2d 543, 547 (Miss.1991) (quoting
 
 *1148
 

 Tedford v. Dempsey,
 
 437 So.2d 410, 417 (Miss.1983)). A material change in circumstances can be shown by proof of the following:
 

 (1) increased needs caused by advanced age and maturity of the children [,] (2) increase in expenses, and (3) inflation factor. Other factors include (4) the relative financial condition and earning capacity of the parties, (5) the health and special needs of the child, both physical and psychological, (6) the health and special medical needs of the parents, both physical and psychological, (7) the necessary living expenses of the father, (8) the estimated amount of income taxes the respective parties must pay on their incomes, (9) the free use of a residence, furnishings, and automobile and (10) such other facts and circumstances that bear on the support subject shown by the evidence.
 

 Id.
 
 (quoting
 
 Adams v. Adams,
 
 467 So.2d 211, 215 (Miss.1985)). Sessums’s argument on appeal concerns the reduction in his income. At the time of the divorce in June 2005, Sessums had two jobs, one his regular job as a truck-shop foreman and the other a part-time job as a farmhand in which he earned $600 per month. By February 2007, Sessums had voluntarily ceased work as a truck-shop foreman and begun working for Coca-Cola Bottling Company in Meridian. Sessums drives 102 miles a day round trip to his job in Meridian, but he testified that he has more earning potential working for Coca-Cola than his previous employer. Sessums also ceased working as a farmhand in December 2006 because the farm was sold.
 

 ¶ 5. The chancellor denied Sessums’s request for a reduction in his child support payments for several reasons. At the time of the divorce, Sessums was living with his father and receiving monetary support from him. At the time of the modification hearing, Sessums was living with his girlfriend and paying some of her expenses. The chancellor stated, “I don’t know that it would be prudent or wise to request that your child support be reduced so you can go live with your girlfriend.” The chancellor also considered that Sessums voluntarily changed his employment and has failed to seek other employment to replace his part-time job. The chancellor noted that Sessums’s net income per month was $1,913 and his monthly expenses were roughly $1,650. Sessums also testified that he wanted a $132 reduction, in part, because he wanted more money to spend on his children and, in part, because he would eventually need a new car. The chancellor determined that, although Ses-sums’s expenses had increased, Sessums had failed to show a substantial or material change in his circumstances to warrant a reduction in his child support payments. We cannot find that the chancellor’s ruling was manifestly in error or an abuse of his discretion; thus, this issue is without merit.
 

 II. DID THE CHANCELLOR ERR IN AWARDING VANCE ATTORNEY’S FEES?
 

 ¶ 6. An award of attorney’s fees is generally left to the chancellor’s discretion.
 
 Gray v. Pearson,
 
 797 So.2d 387, 395(¶ 31) (Miss.Ct.App.2001). Furthermore, the chancellor’s findings on the issue of attorney’s fees will not be disturbed unless manifestly wrong.
 
 Cumberland v. Cumberland,
 
 564 So.2d 839, 844 (Miss.1990). In
 
 McKee v. McKee,
 
 418 So.2d 764, 767 (Miss.1982), the supreme court established certain factors to be considered in making an award of attorney’s fees, including the financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, the time and labor required, the customary
 
 *1149
 
 charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
 

 ¶ 7. The chancellor based his award of attorney’s fees to Vance on her defense of the modification action as well as other requests which were settled off the record. The chancellor stated that, in addition to the modification, the parties discussed visitation, an income tax issue, and a contempt action due to Sessums’s failure to keep his child support payments and other court-ordered payments current. Although the chancellor awarded Vance attorney’s fees in the amount of $1,750, there is no evidence included in the record to support this award. We note that the chancellor did not specifically find Sessums in contempt for failing to keep his child support payments and other court-ordered payments current. According to the record before this Court, the chancellor heard no evidence concerning the ability of either party to pay, the time spent by the attorney on the action, the services rendered, or the customary charge by the attorney. This Court cannot determine whether this award was reasonable without evidence to support it.
 

 ¶ 8. “When the husband files a petition against his former wife in which he is unsuccessful, he is generally assessed’with attorney’s fees.”
 
 Gregg v. Montgomery,
 
 587 So.2d 928, 934 (Miss.1991). However, the wife “should be required to show the reasonableness of such fees.”
 
 Id.
 
 We reverse and remand for the chancellor to determine the reasonableness of the attorney’s fees.
 

 ¶ 9. THE JUDGMENT OF THE NEWTON COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.