# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01283-COA

AMY WIGGINS BLEVINS                                                      APPELLANT

v.

MONTY ALLEN WIGGINS                                                      APPELLEE

DATE OF JUDGMENT:              05/23/2017
TRIAL JUDGE:                   HON. D. NEIL HARRIS SR.
COURT FROM WHICH APPEALED:     JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        G. CHARLES BORDIS IV
ATTORNEY FOR APPELLEE:         CALVIN D. TAYLOR
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   AFFIRMED - 11/05/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., WESTBROOKS AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Amy Wiggins Blevins and Monty Allen Wiggins filed a joint complaint for divorce on November 8, 2006. On May 25, 2007, the Chancery Court of Jackson County, Mississippi, entered a final judgment of divorce upon the statutory ground of irreconcilable differences. On October 12, 2011, Amy filed a complaint for modification to modify Monty's child support obligation. The chancery court entered an agreed order on March 8, 2012, increasing Monty's child support obligation and altering his visitation schedule. On July 29, 2016, Amy filed a second complaint for modification, again requesting an increase in Monty's child support obligation on the basis of "substantial and material changes in circumstances." The chancery court held a trial on February 23, 2017, and on May 23, 2017,

the court entered a final judgment granting Amy's request in part and denying the remainder of Amy's complaint for modification. Aggrieved, Amy filed this appeal.

¶2.     After a thorough review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     Amy and Monty were lawfully married on March 16, 2000, in Gautier, Mississippi, and they resided together as husband and wife until their separation on October 22, 2006. Amy and Monty are the parents of two minor children—one daughter born in March 1999, and another daughter born in February 2004.[1]

¶4.     Amy and Monty filed a joint complaint for divorce on November 8, 2006. On May 25, 2007, the Chancery Court of Jackson County, Mississippi, granted a divorce on the ground of irreconcilable differences and pursuant to the parties' mutually executed property settlement agreement. Amy received physical custody of the two children and the right to claim her youngest daughter for federal and state income tax purposes. Monty received visitation privileges with the two children on alternating weekends, alternating holidays, and during the summer, and he also received the right to claim his oldest daughter for federal and state income tax purposes. The chancery court further ordered Monty to pay Amy $130 per week in child support for the benefit of the two children and declared Monty responsible for one-half of reasonable college expenses if the children elected to pursue post-secondary education.

¶5.     On October 12, 2011, Amy filed a complaint for modification of Monty's child

---

[1] Both children were minors at the time of the underlying request for modification.

support obligation. The chancery court entered an agreed order on March 8, 2012, which increased Monty's child support obligation from $130 per week to $833 per month ($192.37 per week) and altered his visitation schedule to include visitation on Wednesday afternoons. The chancery court denied Monty's request for credit or reimbursement for overpayment of child support. The chancery court also denied Amy's request for monetary aid for the children's extracurricular activities.

¶6. On July 29, 2016, Amy filed a second complaint for modification. Amy again requested an increase in Monty's child support obligation based on "substantial and material changes in circumstances" related to the children's increased needs and Monty's increased income. Amy alleged the following changes in circumstances: (1) "[i]t has been more than four (4) years since the court set child support"; (2) "[t]he needs of the children have increased"; (3) "[Monty] earns substantially more income"; (4) "[t]he costs of food, clothing and shelter have increased exponentially"; (5) "[t]he children are active and participate in many events and activities"; (6) "[t]he oldest child is a licensed driver in Mississippi and has costs affiliated with such"; and (7) "[o]ther changes to be shown at trial." In support of her complaint, Amy produced Uniform Chancery Court Rule 8.05 financial statements— including copies of her pay stubs, her W-2 tax form, and her 2016 tax return—and an exhibit that included a detailed list of expenses that she stated were a result of the increased needs of the children.

¶7. Amy requested that the chancery court modify its prior orders to (1) award Amy the right to claim both children as dependents for federal and state income tax purposes; (2)

order Monty to pay the cost of each child's extracurricular activities; (3) order Monty to pay for automobile insurance for the children; (4) order Monty to pay for expenses incurred during each child's senior year of high school, including senior portraits, invitations, caps and gowns, diplomas, yearbooks, etc.; and (5) order Monty to provide each child with a four-year college education, including the cost of tuition, books, room and board, and living expenses. Amy also requested that the court award her reasonable attorney's fees and enter a withholding order for the collection and disbursement of child support.

¶8. Monty filed an answer and counterclaim on October 28, 2016, based on "a substantial and material change in circumstances." In his counterclaim, Monty requested custody of the children and the right to claim both children as dependents for federal and state income tax purposes. Amy filed an answer to Monty's counterclaim and asserted certain affirmative defenses to the relief Monty requested.

¶9. The chancery court held a trial on February 23, 2017, and on May 23, 2017, the court entered final judgment granting Amy's request in part and denying the remainder of Amy's complaint for modification. Specifically, the chancery court clarified the prior order in which it declared Monty responsible for one-half of "reasonable" college expenses and ordered the parties to split college expenses for the children after scholarships, grants, and loans are applied against college expenses, irrespective of the type of institution attended. The court denied the remainder of Amy's modification request and ordered the parties to pay their own attorney's fees.[2] Aggrieved by the chancery court's ruling, Amy filed this appeal.

_____

[2] Although it was litigated by the parties during trial, the chancellor did not address Monty's counterclaim in the final judgment. Monty raises no issue on appeal with regard

4

STANDARD OF REVIEW

¶10. A chancellor's factual findings "will not be disturbed unless [he] was manifestly wrong, clearly erroneous, or applied an erroneous legal standard." *Blakely v. Blakely*, 88 So. 3d 798, 801 (¶3) (Miss. Ct. App. 2012). "As long as substantial evidence supports the chancellor's findings, [we are] without authority to disturb them, even if [we] would have found otherwise as an original matter." *Id.* (quoting *Joel v. Joel*, 43 So. 3d 424, 429 (¶14) (Miss. 2010)). A chancellor's conclusions of law are reviewed de novo. *Chesney v. Chesney*, 910 So. 2d 1057, 1060 (¶5) (Miss. 2005) (citing *Southerland v. Southerland*, 875 So. 2d 204, 206 (¶5) (Miss. 2004)).

ANALYSIS

¶11. Amy challenges the chancery court's denial of her request for modification on several grounds. For brevity, we address these points collectively. Amy also asserts that the chancery court erred by denying her request for attorney's fees.

I. **Whether the chancery court erred by denying Amy's request for modification.**

¶12. Amy asserts that the chancery court erred when it denied her request to modify Monty's child support obligation despite "proven" substantial and material changes in circumstances.

¶13. "Child support can be modified if there has been 'a substantial and material change in the circumstances of one or more of the interested parties.'" *Strange v. Strange*, 43 So.

_____

to the substantive relief he sought in his counterclaim and instead urges us to affirm the chancery court's final judgment.

5

3d 1169, 1174 (¶17) (Miss. Ct. App. 2010) (quoting *Caldwell v. Caldwell*, 579 So. 2d 543, 547 (Miss.1991)). A material change in circumstances can be shown by proof of the following:

> (l) increased needs caused by advanced age and maturity of the children; (2) increase in expenses; (3) inflation factor; (4) the relative financial condition and earning capacity of the parties; (5) the health and special needs of the [children], both physical and psychological; (6) the health and special medical needs of the parents, both physical and psychological; (7) the necessary living expenses of the father; (8) the estimated amount of income taxes the respective parties must pay on their incomes; (9) the free use of a residence, furnishings, and automobile; and (10) such other facts and circumstances that bear on the support subject shown by the evidence.

*Id*. (citing *Sessums v. Vance*, 12 So. 3d 1146, 1148 (¶4) (Miss. Ct. App. 2009)). "Increased income by the parent paying child support is not, by itself, enough to warrant an increase in child support." *McNair v. Clark*, 961 So. 2d 73, 81 (¶31) (Miss. Ct. App. 2007). "While the increase in a child's age alone is an indicator that an increase in support may be warranted, it is not, standing alone, evidence of a material change in circumstances." *Id*. at 80 (¶29). Further, "[t]o find a material change in circumstances based upon increased expenses, the amount of those expenses must not have been foreseeable at the time of the original order, and the parent seeking an increase in child support must state specifically the basis and amounts of those increased expenses." *Id*. The burden of showing that there has been a material change in circumstances rests on the party requesting an increase in child support. *McNair*, 961 So. 2d at 81 (¶¶21, 30).

¶14. In the May 23, 2017 final judgment, the chancery court applied these standards, stating "[i]f the Court finds, based on the foregoing factors that a material change in the

needs of the parties has occurred necessitating a modification, the Court is permitted to increase or decrease the child support award." The chancery court then denied Amy's request for modification—despite clarifying the support obligation relating to college expenses—ultimately concluding that "the law does not require an increase in child support," based on the financial declarations, testimony, and exhibits adduced at the hearing.

¶15. In the final judgment, the chancery court addressed both Amy's and Monty's monthly income and expenses, their financial declarations, and a detailed list of expenses relating to the "increased needs" of the children. The chancery court emphasized that Amy's income had decreased by approximately $12,000 since 2011, based not on anything attributable to Monty, but on her own decision to change jobs. The chancery court also noted that Amy's financial declarations did not include the $833 she receives per month from Monty. There was also evidence that the children spent about forty percent of their time with Monty as of the time of the request for modification, such that Monty was already paying for some of the children's expenses underlying Amy's request for modification.

¶16. Based on the evidence in the record, we cannot conclude that the chancery court erred in denying Amy's request for modification. Substantial evidence exists in the record to support the chancery court's conclusion that Amy failed to satisfy her burden of proving a material or substantial change in circumstances warranting modification. We find no abuse of discretion in the chancery court's ruling.

II. **Whether the chancery court erred by denying Amy's request for attorney's fees.**

¶17. Amy asserts that the chancery court applied an erroneous legal standard to deny her

request for attorney's fees. She contends that Monty's counterclaim was not filed in good faith because Monty "did not allege that a material change in circumstance had occurred which had an adverse impact on the children." Amy further contends that Monty filed the counterclaim to financially harass her and that the chancery court failed to consider her inability to pay attorney's fees.

¶18. "The standard for an award of attorney['s] fees on a motion for modification of support is basically the same as that applied in an original divorce action." *Setser v. Piazza*, 644 So. 2d 1211, 1216 (Miss. 1994). "Attorney fees are not awarded in child support modification cases unless the party requesting fees is financially unable to pay them." *Id*. However, "[t]he question of attorney fees in a divorce action is a matter largely entrusted to the sound discretion of the trial court," and we are generally "reluctant to disturb a chancellor's discretionary determination whether or not to award attorney fees and of the amount of [any] award." *Ferguson v. Ferguson*, 639 So. 2d 921, 937 (Miss. 1994); *Geiger v. Geiger*, 530 So. 2d 185, 187 (Miss. 1988).

¶19. Further, Mississippi Code Annotated section 11-55-5(1) (Rev. 2012) provides that

> in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, *finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification,* or that the action, or any claim or defense asserted, *was interposed for delay or harassment . . . .*

(Emphasis added).

¶20. Here, the chancery court considered the relative financial condition and earning

capacity of the parties—specifically, Amy's and Monty's financial declarations and monthly incomes and expenses— and concluded that "[u]nder the facts of this case, the law requires that each party pay their own attorney fees." Regarding Amy's inability to pay attorney's fees, the chancellor heard the testimony, considered the financial evidence offered by the parties, and determined that an award of attorney's fees was not warranted. Consequently, we decline to disturb the chancery court's ruling with regard to attorney's fees.

¶21. Furthermore, based on the record, we cannot find that Monty's counterclaim for custody was filed without substantial justification or was interposed for delay or harassment such that the chancery court erred in declining to award Amy attorney's fees under section 11-55-5(1). At trial Monty testified that he was seeking custody of the children "[b]ecause I would love [for] them to live with me. They have been with [Amy] ever since we have been divorced and, you know, I mean, why shouldn't I have the opportunity to raise them as well." Monty also testified that, in his opinion, receiving custody "would [put an end to] a lot of the fighting [over] the money because I wouldn't be asking for any money." Effectively, Monty's counterclaim involved the same issues raised in Amy's petition for modification such that the same evidence and issues were to be tried whether Monty asserted his counterclaim or not. We cannot conclude that the chancery court erred in denying Amy's request for attorney's fees.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD AND LAWRENCE, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**